In the Matter of the Judicial Settlement of the Account of JAMES WHITCHER, as Executor, etc., of ALEXANDER WHITCHER, Deceased.

JOHN W. COBB, Appellant; JAMES WHITCHER, as Executor, etc., of ALEXANDER WHITCHER, Deceased, Respondent.

Third Department, June 27, 1930.

*Horatio W. Thomas,* for the appellant.

*George J. Moore,* for the respondent.

VAN KIRK, P. J. The claim is for labor and moneys advanced to decedent during his lifetime beginning in June, 1912, and continuing to his death in March, 1923. The surrogate has properly held that it is not a mutual account. The decedent's will was probated March 5, 1924. This claim was presented September 18, 1924, but was not rejected until February 28, 1929. In the mean-

time claimant, in August, 1928, had petitioned for a judicial settlement of the executor's account and payment of his claim.

The real question in the case is the application of the Statute of Limitations. The only rules for limitations applicable to civil actions and special proceedings are contained in the Civil Practice Act, article 2. In section 10 it is said "the word 'action' contained in this article is to be construed, when it is necessary so to do, as including a special proceeding or any proceeding therein or in an action." And section 11 provides: "The periods of limitation prescribed by this article, except as otherwise specially prescribed therein, must be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise, as the case requires, to the time when the claim to that relief is actually interposed by the party as a plaintiff or a defendant in the particular action or special proceeding."

The six-year Statute of Limitation applies to this case. Since the items in the account continue until the day of death, at the time of the death the statute had run against an action to recover items prior to six years before the day of death. Section 21 of the Civil Practice Act provides: " The term of eighteen months after the death within this State of a person against whom a cause of action exists, * * * is not a part of the time limited for the commencement of an action against his executor or administrator." That this claim was presented to the executor six days after the eighteen months' period had expired does not materially vary the rights of the parties.

Section 207 of the Surrogate's Court Act provides for a notice to present claims against the deceased at any time after the granting of letters and requiring all persons having claims to exhibit the same with the vouchers therefor to the executor at the time specified at least six months from the day of the first publication of the notice. Claimant so presented his claim. The surrogate now has full jurisdiction to hear and determine such claims against the estate. (Surr. Ct. Act, § 40.) The presentation of the claim thus instituted a proceeding which the claimant could prosecute, and has prosecuted, to final determination, in a court of competent jurisdiction. He is required to issue no other paper or have any other paper issued on his behalf. After the claim is filed the executor is called upon to accept or reject it, though no time for such action is prescribed. If the claim is rejected, the matter then may be brought on before the surrogate and tried without pleadings other than the claim and the objection or answer of the executor. In my view when this claim was filed a special proceeding was instituted and, under section 11 of the Civil Practice Act, the statute ceased to run

against that proceeding; and, because of the eighteen months' suspension of the Statute of Limitations, no item of claimant's bill of account dated subsequent to six years prior to his death is, by statute, excluded from prosecution.

Strangely enough there is found no decision of the courts of this State upon this question. In examining the authorities as to limitations it is essential to have in mind that to every claimant there are two distinct procedures, either of which he may follow after the rejection of his claim. There are many cases where a claimant, after rejection of the claim, has brought an action in another court and where it has been held that that action must be brought within six years from the time it accrued, with the eighteen months, during which the statute is suspended, added thereto. Those cases are not authority as to the running of the statute in respect to a proceeding to collect a claim which is filed with the executor and is prosecuted, as in this case, in the Surrogate's Court. Also we should bear in mind the fact that there has been a decided change in the jurisdiction of the surrogate by the Surrogate's Court Act.

Two cases are cited which are thought to be in conflict with the rule above stated. The first is *Reynolds* v. *Collins* (3 Hill, 36). This considers the Statute of Limitations only when an action in another court has been brought. It was not a proceeding in the Surrogate's Court. The cause of action had accrued in April, 1832. The testator died October 22, 1837. The suit was commenced October 16, 1840. The claimant had presented his claim against the estate and it was rejected. Thereafter an action in another court was brought. The court says: " The statute does not prohibit the creditor from suing, and he may do so whether his claim has been presented or not. And if he does present his claim, that will not stop the running of the Statute of Limitations. If the six years have run before the death of the testator, the action is gone. If the time has not run, then the creditor has, in the whole, seven years and a half to bring his suit after the right of action accrued; and he must take care to have the matter adjusted, or commence his action within that period, or he will be too late." The words " care to have the matter adjusted " mean adjusted as then provided for in the Surrogate's Court. The remainder of the sentence means that, if not so adjusted and the period prescribed has run, " he will be too late " to bring a suit thereon. That case is cited in *Schutz* v. *Morette* (146 N. Y. 137, 144), which is likewise an action brought in another court and the application of the Statute of Limitations is considered only in respect to the action brought and not to a proceeding in the Surrogate's Court. Of course the

filing of the claim in the Surrogate's Court is not effective to stop the running of the statute against a subsequent action brought in another court; the Statute of Limitations ceases to run only when the action is started by the service of a summons. (Civ. Prac. Act, § 17.) Neither case it seems to me has any application to the running of the statute in the instant matter; nothing in either case is in conflict with the view herein expressed. Both are old cases. When the opinions were written the surrogate had no jurisdiction to try a disputed claim except by consent; the question here could not have been considered.

There are some other considerations called to our attention. In section 211 of the Surrogate's Court Act it is provided that, if an executor doubts the justice of a claim presented to him, he shall serve a notice in writing on the claimant that he rejects the claim. " Unless the claimant shall commence an action for the recovery thereof against the executor or administrator within three months after the rejection, or, if no part of the debt is then due, within two months after a part thereof becomes due, said claimant, and all the persons claiming under him, are forever barred from maintaining such action, and in such case said claim shall be tried and determined upon the judicial settlement." This section makes a short Statute of Limitations against an action brought in another court, but it recognizes that, if the claim is presented in Surrogate's Court, no statute of limitation applies.

Section 237 of the Surrogate's Court Act has only a very indirect bearing, if any, upon this case. It applies to a proceeding for the mortgaging, leasing or selling of real estate of a decedent. Where a claim presented in such a proceeding is objected to and the Statute of Limitations is interposed as a defense, the claim is deemed rejected at the time of the objection; and " the time between the presentation of the claim or the commencement of an action where the claim was not presented, and the time of such objection shall not be a part of the time limited in this act for commencing an action thereon." That " action " is one in another court. If anything this emphasizes the fact that an action in another court on a claim is entirely distinct from the proceeding in the Surrogate's Court.

Under section 217 any creditor having a claim which has not been rejected may petition that the executor be required to show cause why he should not pay the claim and the matter is then tried before the surrogate. This is a proceeding in the special proceeding instituted by filing the claim. It is an additional right given a claimant to collect his claim which he may prosecute, if he so chooses, in aid of collecting his claim; he is not required to prose-

cute it. Also under sections 259 and 260 of the Surrogate's Court Act, a creditor may petition for a judicial settlement of the executor's accounts. This likewise gives the creditor a means of accelerating the collection of his claim. By taking this action he does not abandon his proceeding begun by filing his claim; he is prosecuting that proceeding by a method the statute furnishes him. He may take this method or may wait till the executor accounts voluntarily or otherwise; in either event his filed claim is to be tried and determined by the surrogate on the accounting. I cannot think that claimant's proceeding for collecting his claim was begun by his petition for a compulsory accounting; that was a sub-proceeding resorted to in order to accelerate the trial of his case already pending.

Nothing said above is to be construed as suggesting that a creditor must wait the rejection of his claim before he can bring an action in another court. No statute forbids a creditor from bringing an action upon his claim whether or not presented to the executor.

Inasmuch as there are several items which the surrogate has not passed upon, because a different interpretation of the application of statute is given, the decree or order appealed from should be reversed and the matter remitted to the surrogate for determination in accord with this opinion.

HINMAN, WHITMYER and HASBROUCK, JJ., concur; HILL, J., concurs for reversal, with an opinion.

HILL, J. (dissenting in part). Appellant has presented to the executor a claim containing many items for labor performed and moneys furnished either to or for the benefit of the decedent during his lifetime. The account starts in June, 1912, and continues to decedent's death in March, 1923. Credit is given for four cash payments amounting to twenty-five dollars, and also for claimant's board during the entire period. The surrogate properly ignored the claimed credits and the assertion of a mutual account, and also properly eliminated many of the items from that portion of the claim which he considered upon the merits. However, his application of the Statute of Limitations requires discussion.

Decedent died March 13, 1923, his will was probated March 5, 1924. The claim was presented September 18, 1924, and claimant petitioned in August, 1928, for a compulsory settlement of the accounts of the executor. The executor rejected the claim on February 28, 1929. The surrogate has applied the six-year Statute of Limitations. He has deducted eighteen months (Civ. Prac. Act, § 21) and has decided that four years, five months and fifteen

days of the statutory time expired between decedent's death and the rejection of the claim.

The matter was tried and determined upon the judicial settlement of the executor's accounts. (Surr. Ct. Act, § 211.) This was a special proceeding. (*Paddock* v. *Kirkham*, 102 N. . 597.) The commencement of " a special proceeding or any proceeding therein " stays the running of the Statute of Limitations the same as the issuance or service of a summons. (Civ. Prac. Act, § 10.) This proceeding was commenced by filing the petition for compulsory accounting (Surr. Ct. Act, § 260) and not by the rejection of the claim by the executor. This petition and the proceedings set in motion thereby required a court of competent jurisdiction to judge between the two litigants and to make a decision and decree which could be enforced in the same manner as the judgment of a court of general jurisdiction. An action is commenced by the delivery of the summons to the sheriff for service, if such service follows within sixty days (Civ. Prac. Act, § 17) and not by the filing of the answer. It is not within the spirit of the Statute of Limitations to permit one who pleads it to create further defense by dilatory acts, even though the creditor is diligent.

A strong argument can be made that the service of the claim on the representative of the estate is comparable with the service of a summons, and is the beginning of a proceeding in which ultimately the rights of the parties will be determined, but the authorities seem to be against this contention. (*Reynolds* v. *Collins*, 3 Hill, 36; *Schutz* v. *Morette*, 146 N. Y. 137, 144; *Matter of Rogers*, 153 id. 316, 322.) However, the jurisdiction of the Surrogate's Court in respect of contested claims has been so radically changed and enlarged since these decisions as to weaken their logic. Then section 2722, of the Code of Civil Procedure, provided in effect that the surrogate could determine whether a claim had been presented to and acknowledged by the representative of the estate, and if so, direct its payment, but if an answer was interposed by the representative challenging the justice of the claim, the surrogate was ousted of jurisdiction. Now, if the claim be rejected by the representative, claimant is permitted, during three months following the rejection, to seek his remedy in a law action, but failing in this, it " shall be tried and determined upon the judicial settlement." (Surr. Ct. Act, § 211.) For nearly four and a half years this claim was held by the executor without rejection. No explanation is given for such unusual conduct. The representative of an estate may not, by his conduct, lull a creditor into a sense of security until his remedy is barred by the Statute of Limitations. (*Matter of Miles*, 170 N. Y. 75.) Under certain circumstances,

inaction by the representative is construed as tantamount to an allowance of the claim. (*Lambert* v. *Craft*, 98 N. Y. 342.) It should be determined whether the executor is estopped from pleading the Statute of Limitations because his delay is unjustified and prejudicial to the rights of the claimant. When a claim has been approved by the representative and later, on final accounting, rejected on the objection of a party interested, the time between the approval and the final rejection is excluded. (Surr. Ct. Act, § 210.) If it should be determined on the rehearing of this matter that the delay was unexcused and prejudicial and equitably amounted to an approval of the claim, the above statutory rule should be applied through the doctrine of estoppel.

The record does not disclose whether real property was sold as permitted by section 236 of the Surrogate's Court Act to provide funds necessary to pay the debts. If this was so, the time between the presentation of the claim and the objection is not a part of the time limited for the commencement of an action. (Surr. Ct. Act, § 237.)

The decree should be reversed on the law, with costs to the appellant to abide the event, and the matter remitted to the Surrogate's Court for a rehearing and decision in accordance with this opinion.

Decree reversed on the law and facts and the claim remitted to the Surrogate's Court, with costs to the appellant payable out of the estate.