In the Matter of the Estate of JOHN J. FINLAYSON, Deceased.

Surrogate's Court, Oneida County, May 13, 1931.

*Frederick A. White,* for the petitioner.

*B. A. Capron,* for the objectors.

EVANS, S. This is a proceeding to establish a claim against this estate and for a decree directing the sale of real property to pay the claim. The surrounding circumstances are unusual.

The decedent left a will that was admitted to probate by this court on December 11, 1929. The executor qualified and advertised for claims for the legal period of six months.

He thereafter filed his account and was granted a decree of

judicial settlement on July 18, 1930, a little over seven months from the date of probate of the will.

At the time of the execution of the will the testator had two living children, a son and daughter, both adults. The will contained a provision for a legacy of $500 to the daughter and the residuary to be equally divided between the son and daughter. The daughter died before the testator leaving no descendants, so that her interest lapsed.

The testator left personal property amounting to about $600 and real property of the estimated value of $2,500.

The personal property was insufficient to pay debts, funeral expenses and expenses of administration.

The deficiency was supplied by the son who was the only party in interest.

The claimant here is the surviving husband of the deceased daughter of the testator. He seeks to enforce payment of a promissory note for $500, with interest, dated November 1, 1921, claimed to have been executed by the testator and delivered to the claimant. There is credited on the note a payment of $5 on April 13, 1928.

It also appears that the First National Bank of Boonville, N. Y., holds a mortgage dated June 24, 1930, against the real property for $1,500, to secure loans to William H. Finlayson, the son, and executed by him and his wife.

Mr. Finlayson appears specially in this proceeding and asks for its dismissal. It is evident from the motion papers that this claim has not been legally presented to the executor for payment.

There is an allegation of some conversations about the note between the claimant and Mr. Finlayson and also between the claimant and the executor, Mr. Bateman, after the judicial settlement. In any event I think that there has been a failure by this claimant to present his claim for payment in a legal sense and that to the extent of distribution made by the executor, the claimant is bound. (Surr. Ct. Act, § 208.)

The executor is entitled to pass on this claim and to pay or reject the same. (Surr. Ct. Act, §§ 210, 211.)

This procedure, I think, must be followed as a basis for the claimant to maintain an action in some court, in the event of rejection of the claim for the period of three months or to seek relief in Surrogate's Court by a proper proceeding. (Surr. Ct. Act, § 211.)

Under the facts disclosed here I think that the claimant has a remedy in this court on compliance with legal requirements.

He was not a party to the judicial settlement and is unaffected by the decree.

" Every decree of a Surrogate's Court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained." (Surr. Ct. Act, § 80.)

The real property of a decedent is subject to the payment of debts for a period of eighteen months from the date of letters. (Surr. Ct. Act, § 233.)

In the case at bar we are still within that period.

Even when a judicial settlement has been had, if an estate consists of any real property the jurisdiction of the Surrogate's Court continues until the end of the eighteen months' period, as to any matter of the estate not embraced in such an accounting.

The right of a creditor to maintain an action against a person having estate property as an heir, devisee or legatee, is barred until after the lapse of eighteen months from the date of granting letters. (Dec. Est. Law, § 177, as added by Laws of 1920, chap. 919.)

The inference is that during the period mentioned the creditor should seek his remedy in this court. I hold and decide that with reference to any matter of this estate not embraced in the judicial settlement the executor is empowered to function as such.

This proceeding should be dismissed without prejudice to the right of the claimant to take any action that he desires in accordance with this memorandum.

Decreed accordingly.