In the Matter of the Estate of ALBERT TERES, Deceased.

Surrogate's Court, Kings County, June 17, 1931.

*Moses & Singer*, for the petitioner.

*McLaughlin, Russell & Bullock*, for Sonia Rosenthal and others, contestants.

*Frank J. Irving*, special guardian for unknown heirs at law and next of kin.

WINGATE, S. If the facts set forth in the moving affidavits herein are true, an unusual and somewhat sensational situation exists in respect to the will of this decedent.

The proceeding arises upon an order directing the executor of the purported will of decedent to show cause why the decree of this court made on May 5, 1931, admitting the alleged will to probate, should not be vacated and certain alleged next of kin permitted to contest its validity.

Decedent died on August 15, 1930. On or about September 3, 1930, the alleged will was filed in this court, together with a petition for its probate. As a result of allegations that the heirs and next of kin of decedent, if any, were unknown, a special guardian was appointed to represent any who might exist. Citation was duly published. The special guardian made a careful and painstaking search and concluded that none existed or could be found, and thereupon the will was admitted to probate.

The present application is made on behalf of certain alien residents of Rumania through their attorney in fact. They claim to be the next of kin of the decedent. This is denied. They further allege that the will which has been admitted to probate is a forgery perpetrated by one of the legatees named therein at the instigation of and in conspiracy with the principal beneficiary. These charges are contained in affidavits by one Irving Hauptman and Anna Hauptman who categorically allege that the claimed forger confessed in their presence. This is denied by the latter. The matter is obviously worthy of careful and serious consideration. Patently one side or the other has committed deliberate perjury. Such matters cannot be determined on affidavits.

In opposition to the motion, it is contended that since the will was duly probated and the moving parties were represented by a painstaking special guardian, the relief should be denied. Unquestionably the presumption of regularity has some weight, but it is primary that the court has power to reopen its decrees where fraud has been practiced (*Matter of Dunne*, 138 Misc. 840, 843, 844, and cases cited), and if the allegations in the moving papers are true, fraud of the grossest conceivable character has been accomplished.

The essence of the situation is that the special guardian represented the interests of the moving parties if they are really next of kin. If this application were made by him on the ground of newly-discovered evidence, it would, on primary principles, be addressed to the discretion of the court. (*Barrett* v. *Third Avenue R. R. Co.*, 45 N. Y. 628; *Vollkommer* v. *Nassau Electric R. R. Co.*, 23 App. Div. 88, 90.) In the former case it was said (at p. 632): " They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether

substantial justice has been done, the court having in view solely the attainment of that end.''

If the moving parties are really next of kin, they should be held to possess all rights in this regard which their representative had or could have exercised.

In the opinion of the court, justice will be promoted if an opportunity be given for determining which side is committing this deliberate perjury, provided the moving parties are able to demonstrate that they are legally interested in the estate. The decision as to their status lies at the threshold of the inquiry, and they should have their day in court on this subject.

The decree will not be opened prior to the determination of this question, but if the question is brought on for hearing within ninety days and is determined in their favor, the decree will be opened, and the main issues of forgery and perjury may be litigated. As a condition to this relief, however, the moving parties, being non-residents, will be required to file a surety company bond in the sum of $350 to secure the estate against loss by reason of disbursements and to assure the payment of costs in the event of the failure of the claimants to prove their kinship or to sustain their objections to the will.

The disposition of the application is, therefore, as follows: If the moving parties furnish a bond within thirty days as hereinbefore stated and within ninety days bring on a hearing in which their kinship or that of any of them is established, the motion to vacate the decree will be granted and the matter will be set down for hearing on the merits. If they fail in either respect, the motion is denied.

Enter order on notice accordingly.