In the Matter of the Estate of ROSA FERBER, Deceased.

Surrogate's Court, Kings County, December 27, 1933.

*Coakley & Higgins,* for the American Surety Company of New York.

*Abraham B. Hertz,* for the petitioner.

WINGATE, S. The issue in this accounting concerns only the rights of the American Surety Company, an alleged creditor of the estate. The pertinent facts as set forth in the somewhat unnecessarily prolix and argumentative affidavits of the claimant are as follows:

The present decedent, Rosa Ferber, was appointed administratrix of the estate of Isaac Ferber on July 21, 1920. The American Surety Company furnished her bond in this capacity, receiving from her simultaneously the usual indemnity agreement undertaking to perform the conditions of the bond and to save the surety harmless from every claim thereunder.

On the same date Rosa signed an affidavit in which she enumerated six individuals as the distributees of the decedent. Their

names are immaterial. Suffice it to note that the name of Abraham Ferber was not included among them.

Settlement of the accounts of the administratrix is not alleged, it being inferable that no judicial settlement was effected and merely an informal distribution and cancellation of the bond by releases accomplished.

Rosa Ferber died on March 11, 1925, and on April third following the present accountant was granted administration on her estate.

The accountant alleges that on or about May 19, 1925, he made distribution of the net avails of Rosa's estate to Regina Sprei and himself as the sole distributees thereof, and in partial substantiation of this allegation submits a photostatic copy of the check to Regina, which appears to have been paid on the twenty-seventh of that month. This is not directly denied by the surety, its contention being that the accountant's distributive share of the estate is still " technically " in his possession.

The surety alleges that in January, 1927, some attorney communicated with it respecting a claim for a distributive share in the estate of Isaac Ferber on behalf of one Abraham Ferber, an alleged brother and a resident of Poland, and maintains that it prepared a proof of claim against the estate of Rosa Ferber in respect to this matter on March 29, 1927, and caused it to be served on the accountant on April 2, 1927. Such service is denied by the latter and in the view which the court takes of the main issue, is wholly immaterial, as is also the question as to whether this alleged proof was adequate in any event, which is not self-evident. (See *Matter of Weissman*, 140 Misc. 360, 362, 363.)

The surety further alleges that in the spring of 1931 another attorney, purporting to represent this same Abraham Ferber, entered into negotiations with it, as a result of which, without any judicial proof of Abraham's alleged relationship, or, so far as appears from the record, any threat of litigation, the surety paid the attorney $500 in full settlement of all claims.

The next act in the drama occurred on March 2, 1933, on which date the surety presented a petition for a compulsory accounting in this court. The account was duly filed and shows total receipts of $8,237.59, expenditures of $1,852.94 for funeral and administration expenses and the division of the balance between the two next of kin of the decedent, as above noted.

Whereas the controversy is submitted to the court as a pure question of law, it is obvious that two questions of fact lie at the base of any determination of the right of the surety company to recover. The first relates to the relationship of "Abraham Ferber "

to Isaac Ferber and his consequent rights, if any, to share in the estate of the latter. The determination on this subject, presumably made by the claimant at the time of the payment, is binding upon no one, and as a condition precedent to the existence of any rights at any time, it would be incumbent upon the surety to demonstrate that the payee was actually entitled to a distributive share in the assets of the estate of Isaac Ferber.

If it succeeded in passing this obstacle, it must further appear that the assets of the present estate have not actually been distributed as set forth in the account. Section 208 of the Surrogate's Court Act, as existing during all the times here pertinent, provided: " If a claim against a deceased person be not presented to the executor or administrator on or before the day fixed for presentation of claims in the notice to creditors, published pursuant to section two hundred and seven, or, if no notice be published, within one year from the date of issue of letters, the executor or administrator shall not be chargeable for any assets or moneys that he may have paid in satisfaction of any lawful claims, or of any legacies, or in making distribution to the next of kin before such claim was presented."

The arguments of the claimant to the contrary notwithstanding, this enactment means just what it says, and if the fiduciary is without knowledge of a claim, and the creditor fails to present it within the period designated in the statute for that purpose, the fiduciary is not liable for moneys paid upon lawful claims or by way of distribution. (*Olmstead* v. *Latimer,* 9 App. Div. 163, 166; modfd. on other grounds, 158 N. Y. 313; *Rosen* v. *Ward,* 96 App. Div. 262, 266; *Matter of Schinasi,* 139 Misc. 459, 471; affd., 233 App. Div. 738; *Matter of Finlayson,* 140 Misc. 140, 141.)

The contention of the claimant that although the administrator-distributee may have paid over the sums to himself in the latter capacity they are still " technically " in his possession in the former, cannot be sustained. A fiduciary is as distinct from himself in an individual capacity as if they were entirely separate individuals. *Matter of Ebbetts,* 149 Misc. 260, 266, 268, and authorities cited.) This rule applies even when the distribution is merely by executors to themselves as trustees. (*Mahoney* v. *Bernhard,* 45 App. Div. 499, 501.) It is, of course, a possibility that the present accountant, while paying the other half of this estate to the distributee entitled thereto in 1925, has for eight and a half years failed to assume personal possession of his own share and the objectant is free to pursue such possibility if it so elects. In default thereof, however, it is remitted to its rights against the distributees, as individuals, under section 170 of the Decedent Estate Law.

The claimant might, had it seen fit, have filed a contingent claim with the administrator in 1925 under section 207 of the Surrogate's Court Act. It failed to do so and, if the accountant has brought himself within the protection of the statute, will not be permitted to shift to him the burden of this failure after this extremely long delay.

The objections will be dismissed, with costs, unless the two hereinbefore noted questions of fact are brought on for hearing within fourteen days.

Proceed accordingly.