In the Matter of the Estate of NELLY FROMMELT, Deceased.

Surrogate's Court, Kings County, January 7, 1935.

*Paul Windels, Corporation Counsel*, for William Hodson, commissioner of public welfare.

*Edward J. Lamberton*, in person.

WINGATE, S. Section 208 of the Surrogate's Court Act, so far as here pertinent, provides that " if a claim against a deceased person be not presented to the executor or administrator * * * within seven months from the date of issue of letters, the executor or administrator shall not be chargeable for any assets or moneys that he may have paid in satisfaction of any lawful claims, or of any legacies, or in making distribution to the next of kin before such claim was presented."

Upon this statutory rule a judicial exception has been grafted to the effect that if the fiduciary had actual knowledge of any

claim, such knowledge is to be deemed the equivalent of timely presentation. (*Matter of Schulz,* 152 Misc. 601, 602; *Matter of Shafran,* 143 id. 754, 758.)

The burden of demonstrating the applicability of this exception rests upon the claimant who seeks to avail himself of its terms.

In the case at bar notice of claim was admittedly not given to the fiduciary within the prescribed period, since it is merely asserted that a notice thereof was mailed late in the afternoon on the last day of the seven months' period. It could, therefore, not have reached the fiduciary in time. Some doubt exists in the mind of the court as to whether such notice was actually sent. Its receipt is emphatically denied.

It was, therefore, incumbent upon the claimant to demonstrate the actual knowledge of the fiduciary. The evidence adduced in this regard is purely circumstantial, and is by no means conclusive. The fact of actual knowledge is categorically denied by the administrator. The mind of the court is in doubt as to the actual fact and under such circumstances it must be held that the burden of proof has not been sustained.

The fact that the administrator had actually made distribution of the assets in his hands some months previously is wholly irrelevant. By so doing he merely incurred the risk of surcharge if any valid claim came to his knowledge prior to the expiration of the statutory period. This risk he has successfully avoided and the resulting situation differs in no respect from that which would have existed had he withheld distribution until the close of business on the last day of the seven months' period.

So far as concerns the assets which are shown to have been in the hands of the administrator, the creditor is remitted to its rights under section 170 of the Decedent Estate Law against the persons to whom they were actually distributed.

Settle decree on notice.