In the Matter of the Estate of MARY MADDEN, Deceased.

Surrogate's Court, Kings County, April 24, 1935.

*Sherman & Goldring* [*Edward G. Griffin* of counsel], for the applicant.

*Abe Bloom*, for the administratrix.

*Pickett & Pickett*, for the Ætna Casualty and Surety Company, respondent.

WINGATE, S. This is an application to vacate a decree of judicial settlement of the accounts of an administratrix. The facts alleged are quite unusual.

The decedent died intestate on October 17, 1931. Letters of administration were issued to the present respondent about a month later. Among the assets which came into her hands was an account in the sum of $2,000 in Fulton Savings Bank, standing in the name of the decedent.

The statutory distributees were the present respondent, a nephew and the petitioner herein, who, at that time, was an adjudged incompetent, committed to confinement as such. On August 23, 1933, he was judicially declared competent to manage his own affairs.

In the interval the respondent had proceeded with the marshaling and administration of the estate. She duly obtained an order of this court permitting advertisement for claims, which fixed the final date for presentation as June 1, 1932.

Citation on the judicial settlement of her accounts was made returnable on July 12, 1932, at which time a special guardian was appointed to protect the interests of the incompetent. On August 22, 1932, a decree of judicial settlement was duly entered. It is this decree which the former incompetent seeks to vacate.

The grounds of his application are that the moneys in the Fulton Savings Bank, above referred to, and which were a part of the estate accounted for, were in reality the property of the applicant, having been intrusted by him to the decedent.

The power of the court to vacate its own decrees is strictly limited to those cases in which there is a demonstration of " fraud, newly discovered evidence, clerical error, or other sufficient cause," which last has been authoritatively determined to be a cause " of a like nature." (*Matter of Brennan*, 251 N. Y. 39, 43; *Matter of Seitz*, 149 Misc. 526, 529; *Matter of Dunne*, 138 id. 840, 844; *Matter of Surpless*, 143 id. 48, 58.) Here there is no suggestion of fraud or clerical error, so that the only specific ground for reopening is that of newly-discovered evidence. An application based upon this ground is addressed in no inconsiderable measure to the discretion of the court (*Matter of Teres*, 140 Misc. 549, 551), and will not be granted in the absence of demonstration of a reason-

able probability of success. (*Matter of Leslie*, 175 App. Div. 108, 112; *Matter of Kalmowitz*, 134 Misc. 508, 510; *Matter of Eisenlohr*, 153 id. 130, 131.)

The question is, therefore, of primary importance as to whether there would be any reasonable probability of success of the applicant were the relief to be granted. Excluding wholly the question of the merits, it appears obvious that the applicant could not recover in this court, even had the decree not been entered. He is merely an alleged creditor; in other words, a claimant against the estate.

Section 208 of the Surrogate's Court Act provides that in cases in which a claimant has failed to present his claim pursuant to notice, the fiduciary shall not be chargeable for any assets or moneys disbursed in the payment of claims or by way of distribution. In the absence of knowledge of a claim by the fiduciary, in respect to which the burden of proof rests upon the claimant (*Matter of Frommelt*, 154 Misc. 81, 82) and is not here intimated, all payments so made are protected so far as the fiduciary is concerned. (*Matter of Ferber*, 149 Misc. 840, 842; *Matter of Frommelt*, 154 id. 81, 82.)

There is no contention that the funds in the hands of the fiduciary have not been fully disbursed in accordance with the decree, wherefore the applicant's only remedy is against the distributees pursuant to section 170 of the Decedent Estate Law. (*Matter of Ferber*, *supra; Matter of Frommelt*, *supra.*)

The effect of section 208 of the Surrogate's Court Act is to impose a short Statute of Limitations upon the presentation of claims. Even if it could be held that section 60 of the Civil Practice Act could toll the running of this statute during the period of the disability, which is not decided, yet that enactment gives merely one year after the removal of the disability within which to bring action. Here the disability came to an end on August 23, 1933, and the present proceeding was not initiated until March 12, 1935, more than eighteen months later.

Since there is no possibility of recovery by the applicant in this court, even were his prayer to be granted, the application must be denied.

Enter decree on notice.