In the Matter of the Estate of JOHN A. SUTTER, Deceased.

Surrogate's Court, Delaware County, September 19, 1936.

*Hamilton J. Hewitt*, for the administrator.

*John D. Clarke*, special guardian.

O'CONNOR, S.   John A. Sutter died, intestate, June 29, 1927, in the town of Delhi, Delaware county, N. Y., leaving him surviving, as his next of kin, Dorothy, Orville, Lee, Lewis, Clifton and Calvin Dunn, all infants.   John D. Clarke was appointed their special guardian on this proceeding.   Augustus B. Shaw, county treasurer, was duly appointed administrator of his estate.   Wilson Dunn in 1928 presented a claim against the estate for $780 for board of deceased during the year 1922.   This claim was allowed by the administrator.   The Statute of Limitations had not run against the claim at the time it was presented.

The administrator presented his accounts on October 18, 1929, for judicial settlement, and on November 25, 1929, a decree was duly made and entered directing a distribution of the then assets of the estate.   There were not sufficient funds to pay the debts in full.   On December 9, 1929, Dunn received $325.26 on his claim and signed the usual release.

Recently assets in the amount of $1,185 have been discovered and are now in the possession of the administrator.   The administrator and special guardian contend that the claim is barred by the Statute of Limitations, more than six years having elapsed since the payment thereon on December 9, 1929.

When section 2722 of the Code of Civil Procedure* was in effect the surrogate could determine whether a claim had been presented to and acknowledged by the representative of the estate, and if so, direct payment. But, if the claim was objected to, the surrogate had no jurisdiction to determine or direct payment thereof. Claimant's only remedy was to bring an action in another court.. When section 2722 of the Code of Civil Procedure* was in effect claims against an estate of a deceased person became outlawed, at most, in six years after the expiration of eighteen months from the death of testator, even though the claim had been duly presented to and allowed by the representative. (*Butler* v. *Johnson*, 111 N. Y. 204.) Payment by the representative on account did not revive the demand against the estate. (*McLaren* v. *McMartin*, 36 N. Y. 88.)

Now, if the claim is rejected, the claimant must bring an action to recover thereon against the executor or administrator within three months after the rejection. If he fails so to do, he is forever barred from maintaining such action, but the claim can be tried and determined upon judicial settlement. (Surr. Ct. Act, § 211.)

In *Matter of Whitcher* (230 App. Div. 239) decedent died in March, 1923. His will was probated March 5, 1924. The claim was presented September 18, 1924, but was not rejected until February 28, 1929. The claim was for labor and moneys advanced during the lifetime of the decedent beginning in June, 1912, and continuing until his death in March, 1923. The question was whether the Statute of Limitations prevented claimant from collecting the items of his account dated subsequent to six years prior to decedent's death. It was held that " When this claim was filed a special proceeding was instituted and, under section 11 of the Civil Practice Act, the statute ceased to run against that proceeding; and, because of the eighteen months' suspension of the Statute of Limitations, no item of claimant's bill of account dated subsequent to six years prior to his death is, by statute, excluded from prosecution.''

Mr. Justice HILL, dissenting in part, questioned whether the service of the claim on the representative of the estate was comparable with the service of a summons and was the beginning of a proceeding and thought the matter should be sent back to the surrogate to determine whether the executor was estopped from pleading the Statute of Limitations because of his delay being unjustified and prejudicial to the right of the claimant.

* See Code Civ. Proc. § 2687, as revised by Laws of 1914, chap. 443, now Surr. Ct. Act, § 217.

In *Matter of Schorer* (154 Misc. 198) the claimant presented a timely verified claim against the estate for services rendered to the decedent. The claim was rejected by the executor and the attorneys for the petitioners agreed that the matter should stand until the executor was prepared to settle his accounts when the claim should be tried out before the surrogate. Seven and a half years after the claim had accrued the claimant filed a petition to compel the executor to account. The surrogate in that case held that the service of the claim and the rejection thereof constituted a joinder of issue to be tried by the surrogate on judicial settlement under section 211 of the Surrogate's Court Act; and denied the executor's motion to dismiss the special proceeding to compel the judicial settlement, although the petition therefor was filed by the claimant over seven and a half years after the claim had accrued.

While neither of the two cases last cited is exactly in point, yet each of them indicates very strongly what the decision in this case should be. In the *Whitcher* case the claim had been rejected. Here the claim was allowed and part payment thereof was made out of the assets then in the hands of the administrator. The allowance of the claim by the administrator was in effect a judgment in favor of the claimant against the estate of deceased. If a claim is approved by the representative and on final accounting rejected on the objection of a party interested, the time between the approval and the final rejection is excluded. (Surr. Ct. Act, § 210.) This claim was allowed and section 210 clearly indicates that the statute did not run against the claim after it had been approved by the administrator. It is after the claim is rejected that the Statute of Limitations commences to run. The lapse of more than six years from the time of the allowance of the claim, or from the time of a payment thereon, to the judicial settlement of the accounts of the executor is not a bar to the enforcement of the claim.

The claim of Wilson Dunn is not barred by the Statute of Limitations and should be paid out of the assets of the estate by the administrator.