In the Matter of Proving the Last Will and Testament of SARAH ISHAM, Late of the Town of Seward, Schoharie County, New York, Deceased. HAROLD T. SMITH, Executor, etc., Respondent; STANTON LOWE and Others, Appellants.— Appeal from a decree of the Surrogate's Court of Schoharie County, admitting to probate the will of Sarah Isham, deceased; and from an order of the Supreme Court setting aside the verdict of a jury after a trial upon the issue of undue influence. The jury found the will to have been the result of such influence exercised by proponent, who was one of the chief legatees thereunder. Decedent's estate amounted

to approximately $16,000. By the terms of the will in question she left $500 to each of two surviving sisters; $200 to a brother; $1,000 to a relative by marriage; and the residue to her niece, and her niece's husband, the proponent. The contestants are decedent's brother, to whom the legacy of $200 was given, and nephews, nieces and their representatives, who are not mentioned at all in the will. The will was made nearly two years prior to the death of decedent. Proponent had been kind to her and had performed many services for her over a period of years. It was conceded that decedent was competent to make a will. The evidence as to undue influence was wholly circumstantial. In setting aside the verdict of the jury the trial court held, that while the circumstances relied upon were consistent with an inference of undue influence, they were also consistent with the inference that the will was the free act of the testatrix, and hence contestants had not sustained the burden of proof. That the verdict of the jury therefore was necessarily based upon surmise and speculation. Decree and order appealed from affirmed, with costs payable out of the estate. Hill, P. J., Crapser and Foster, JJ., concur; Heffernan and Schenck, JJ., dissent and vote to reverse the decree and reinstate the jury's verdict. It seems to us that a clear issue as to undue influence is presented.