In the Matter of the Accounting of JULES G. EVENS, as Administrator of the Estate of NATHANIEL I. EVENS, Deceased.

DEAUVILLE CASINO CORPORATION, INC., Petitioner.

Surrogate's Court, Saratoga County, October 7, 1944.

[redacted]

John S. Chapman, Jr., and *Harter F. Wright* for administrator.

*Benjamin Levin* for petitioner.

Tuck, S. Nathaniel I. Evens died February 6, 1935, and letters of administration of his estate were issued to Jules G. Evens, his son and only distributee, by the Surrogate's Court of Saratoga County February 15, 1935.

On June 12, 1936, a notice of presentation of claim made by Deauville Casino Corporation, Inc., was served by claimant's attorneys upon the attorneys for administrator. The claim was for $145,203.34 alleged to be due and unpaid on account of rent of real estate situate in the State of Florida, and for $2,000,000 damages sustained as a result of breaches of the said lease.

On the same day the administrator, through his attorneys, served a notice that he doubted the justice and validity of the claim of the claimant and therefore rejected the whole of said claim and each and every part thereof.

Thereafter and on July 30, 1943, the claimant filed a petition with this court claiming to have an interest in the estate of the deceased, upon which it is alleged a balance of $145,-203.34 remains due and unpaid as rent and for damages by reason of the failure of decedent to pay the balance of rent due and other breaches of the lease, which damages petitioner alleges are in excess of $2,000,000.

Claimant alleged in his petition that more than seven months elapsed since letters of administration were issued to the admin-

istrator and that he had not accounted, and prayed for the issue of a citation requiring the administrator to show cause why he should not render and settle his account of proceedings. Service of citation was made upon the clerk of the Surrogate's Court. Thereafter the administrator appeared by his attorneys and pursuant to stipulation the matter was adjourned from time to time, and a motion was made to dismiss the petition under rule 107 of the Rules of Civil Practice upon the grounds:

1. That the court did not have jurisdiction of the subject matter;

2. That the petitioner does not nave legal capacity to sue;

3. That petitioner's cause of action did not accrue within the time limited by law;

4. That the claim or demand set forth in the petition has been released; and

5. That the contract upon which the petition is founded is unenforcible under the provisions of the Statute of Frauds.

The petitioner contends that the motion to dismiss is not timely and is not applicable for the reason that there is no authority that any proceeding or paper served in a proceeding in the Surrogate's Court comes within the ambit of rule 107 but that the position resembles more closely than any other paper in a proceeding, a notice of trial or hearing or any paper which has for its purpose the acceleration of a hearing, and that the proof of claim constitutes, or is, the complaint, and that the filing of the claim is the commencement of a special proceeding; that the petition to compel an accounting merely seeks its acceleration.

The petitioner bases his argument upon the authority of *Matter of Whitcher* (230 App. Div. 239) and *Matter of Schorer* (154 Misc. 198).

In *Matter of Whitcher* (*supra*), the Appellate Division in the Third Department held: " Under section 217 any creditor having a claim which has not been rejected may petition that the executor be required to show cause why he should not pay the claim and the matter is then tried before the surrogate. This is a proceeding in the special proceeding instituted by filing the claim. It is an additional right given a claimant to collect his claim which he may prosecute if he so chooses, in aid of the collection of his claim; he is not required to prosecute it. Also under sections 259 and 260 of the Surrogate's Court Act, a creditor may petition for a judicial settlement of the executor's account. This likewise gives the creditor a

means of accelerating the collection of his claim. By taking this action he does not abandon his proceeding begun by filing his claim; he is prosecuting that proceeding by a method the statute furnishes him. He may take this method or may wait till the executor accounts voluntarily or otherwise; in either event his filed claim is to be tried and determined by the Surrogate on the accounting. I cannot think that claimant's proceeding for collecting his claim was begun by his petition for compulsory accounting; that was a sub-proceeding resorted to in order to accelerate the trial of his case already pending.''

In *Matter of Schorer* (154 Misc. 198, 206, *supra*), Surrogate FEELY wrote: '' The claim and its rejection are commonly recognized as joinder of issue, which ' shall be tried and determined upon judicial settlement,' under the statute (Surr. Ct. Act, § 211); and they probably will continue to be so considered until either the Legislature prescribes further steps to be taken by the claimant beyond those which he is now obliged to take, or until judicial interpretation reaches the same result.''

Further discussing and comparing the decisions in *Matter of Whitcher* (*supra*) and *Matter of Dietz* (134 Misc. 393) Surrogate FEELY wrote: '' As between the two opinions, that of the majority in the *Whitcher* case seems preferable to the others; and my conclusion is that the service of the claim and its quasi-judicial rejection as aforesaid together constituted the joinder of an issue on the claimant's interposition of his demand by intervening in the official liquidation that is still pending and unsettled; and that this intervention and joinder of issue tolled the statute while that issue stood awaiting trial therein, especially under the stipulation for trial when the executor was prepared to bring on his judicial settlement thereof; and that even had there been no such stipulation herein the result would have been the same under the command of the statute and that the issue so joined should be tried out at judicial settlement as a matter of right.''

The Court of Appeals in *Matter of Schorer* (272 N. Y. 247) wrote: '' We have reached the conclusion that the Appellate Division in *Matter of Whitcher* placed the proper construction on section 211 of the Surrogate's Court Act.''

In *Matter of Whitcher* (230 App. Div. 239, 242, *supra*) the court there construes section 211 of the Surrogate's Court Act and its conclusion is '' This section makes a short Statute of Limitations against an action brought in another court, but it recognizes that, if the claim is presented in Surrogate's Court, no statute of limitation applies.''

Further in *Matter of Schorer* (*supra*) the Court of Appeals reviews the history of section 211 and concludes as follows: " All that is now required to give the Surrogate jurisdiction is the filing of the claim within the time permitted and its rejection by the executor or administrator. Thereupon the claim is at issue to be passed upon in a judicial accounting. The effect was to liberalize the practice and place the parties in the same position so far as the Statute of Limitations is concerned as though an action be commenced and issue joined."

It is to be noted in this conclusion of the court the parties are placed in the same position only so far as the Statute of Limitations is concerned.

Nowhere has the Court of Appeals stated that the filing of a claim and its rejection instituted a special proceeding. The Court of Appeals undoubtedly was mindful of the provisions of the Surrogate's Court Act wherein the Legislature provided how a special proceeding was instituted in the Surrogate's Court, and this authority is found in section 48 of the Surrogate's Court Act, which provides: " Every proceeding in the Surrogate's Court shall be commenced by the filing of a petition."

This review of the authorities convinces me that the Court of Appeals has pointed out clearly and inescapably the effect of section 211, and that the court has nowhere approved the theory that the filing of a claim and its rejection institutes a proceeding in the Surrogate's Court.

Such filing of claim and its rejection cannot constitute a special proceeding in any other court, for the venue is laid in the Surrogate's Court. At least the venue in this matter is laid in the Surrogate's Court.

Further, let us suppose that, after having presented his claim and having had the same rejected, in the language of the statute, the claimant within three months, but more than twenty days after the notice of rejection, began an action in the Supreme Court upon his claim. In such case we think there can be no doubt that the administrator, after the service of the summons and complaint, could within the time limited by rule 107 have timely moved for judgment dismissing the complaint.

The filing of the petition for a compulsory settlement, it seems to me, constitutes a situation analogous to the service of a summons and complaint in an action, and that in such case the provisions of rule 107 apply.

Under the provisions of section 316 of the Surrogate's Court Act, we are required to apply provisions of law or rules

applicable to practice and procedure in the Supreme Court to proceedings in the Surrogate's Court, where a contrary intent is not expressed in the Surrogate's Court Act, and where they can be so applied to the substance and matter in a proceeding, and it seems to me there is nowhere a contrary intent expressed, and that the provisions of the rule can properly be applied.

Accordingly I conclude that the motion by the respondent is timely and proper and that petitioner's objections must be dismissed, and that the grounds upon which the motion rests must now be examined.

The motion for dismissal is based first upon the ground that the court did not have jurisdiction of the subject matter.

The claim of the petitioner here was not presented until nearly sixteen months after letters were issued. In the affidavit of the respondent annexed to his motion papers he states that prior to the presentation of the claim he had no knowledge whatever concerning it, and that he had paid all known charges against the estate, including inheritance taxes, and had distributed the estate to himself.

This statement is nowhere challenged by the petitioner and we must conclude that it is a correct statement of fact concerning which the parties are in agreement, and that we should apply the provisions of law that control in such situation.

I believe that section 208 of the Surrogate's Court Act applies here, and that the administrator is not liable to the petitioner since he has satisfied all claims against the estate and has distributed all of the assets of the estate, and no property remains in his hands as administrator.

I believe my conclusion is sustained by *Matter of Ferber* (149 Misc. 840, 842) wherein Surrogate Wingate wrote: " The arguments of the claimant to the contrary notwithstanding, this enactment means just what it says, and if the fiduciary is without knowledge of a claim, and the creditor fails to present it within the period designated in the Statute for that purpose, the fiduciary is not liable for monies paid upon lawful claims or by way of distribution. (*Olmstead* v. *Latimer,* 9 App. Div. 163, 166; mod. on other grounds, 158 N. Y. 313; *Rosen* v. *Ward,* 96 App. Div. 262, 266; *Matter of Schinasi,* 139 Misc. 459, 471; affd., 233 App. Div. 738; *Matter of Finlayson,* 140 Misc. 140, 141.) "

An exception to the foregoing authorities is where the administrator has actual knowledge of the claim. The burden of proving actual knowledge, however, is upon the claimant. (*Matter of Frommelt,* 154 Misc. 81.)

Nowhere in petitioner's reply affidavits has he met this burden or put in issue respondent's claim of lack of knowledge.

It is to be noted in *Matter of Ferber* (*supra*) that the administrator there was also a distributee.

*In Re Dederer's Will* (6 N. Y. S. 2d 183) is not in conflict with the foregoing. In that matter, in rejecting the claim, the executrix in her notice stated such " claim will be submitted for trial and determination on the settlement of her account." The answer of the executrix there states she had no knowledge of the claim prior to the date when it was presented. She does not state that the funds of the estate were distributed prior to that date. The court there held: " In the absence of the accounting and a final discharge, as in the instant case, the Executrix here may be made chargeable for the actual value of assets forming part of testator's estate which remain in her hands."

Upon the ground that the court has no jurisdiction I believe the motion to dismiss should be granted.

In passing to the consideration of the second ground for dismissal that the petitioner does not have legal capacity to sue, it is disclosed in the affidavits of the respondent that the claimant-corporation was dissolved by proclamation issued by the Governor of the State of Florida for its failure to file capital stock reports and to pay capital stock taxes.

The 1941 General Statutes of Florida which were in effect in 1936, at section 610.18, gives to a corporation power to continue any suits in progress without being affected by the dissolution.

If we are correct in our conclusion heretofore reached that the filing of the claim and its rejection was not the institution of a special proceeding in Surrogate's Court, then we are compelled to find that no suit was in progress on behalf of the corporation, and that the provisions of the General Statutes of Florida, section 612.47, apply which provide that the powers of the corporation shall nevertheless be continued for a term of three years from such expiration or dissolution for the purpose of prosecuting and defending suits against the corporation. The proclamation dissolving the corporation was dated November 23, 1936. Clearly the limitations contained in the General Statutes of Florida, section 612.47, did not extend to July 30, 1943, the date when the petition for the compulsory settlement was filed.

The General Statutes of Florida, section 612.50, further provide for the extension of the powers of such dissolved corporation upon application to the Circuit Court on the part of a creditor for the purpose of collecting debts and property due

the corporation, or for the appointment of a receiver of the corporation for that purpose.

The record does not disclose that any such proceedings have been taken. We are therefore remitted to the conclusion that no power was saved to the corporation by which it was enabled, after dissolution, to prosecute this proceeding.

The motion should be granted upon the second ground.

Respondent's third ground for dismissal is that the cause of action did not accrue within the time limited by law.

Neither the lease, which appears to be the basis of the claim, nor any copy of the lease, is annexed to, or made part of the motion papers herein. In addition to which there is an issue of fact raised in the affidavits used upon the motion concerning the existence of a written lease, and who was liable thereon.

It is unnecessary to pass upon that ground of the motion.

Upon the fourth ground that the claim has been released, the instrument claimed to be a release runs to, and is, for the benefit of persons named Madden and Boyce, and nowhere is it disclosed how such release could run for the benefit of the decedent.

The fourth ground of the motion is therefore denied.

Upon the reasons stated for denying the third ground of the motion, the fifth ground is also denied.

Submit order accordingly, upon notice.