In the Matter of the Will of JENNIE COHEN, Deceased.

Surrogate's Court, Erie County, December 20, 1947.

*Reisman, Schanzer & Kister* for Albert Cohen and others, respondents.

*Halpern & Friedman* for Lillian P. Kohn, petitioner.

PAUL, S. On the 15th day of July, 1936, a will of the decedent was admitted to probate by this court. It was dated May 10, 1923. An executor was appointed but the estate has not been settled or distributed.

The petitioner, Lillian P. Kohn, who is a granddaughter of the above-named decedent, is a daughter of the decedent's daughter, Edna Kohn. She has filed in this court a petition to revoke the probate of the decedent's will and asking this court to admit to probate an alleged later will, which is alleged to have been executed in the year 1935.

The petitioner was not a party to the probate proceedings had herein, for the reason that her mother was alive at the time when the said probate took place. Her mother is alive now and is a respondent herein. The petitioner alleges that by the terms of the proposed later will she is given an interest in the estate of the decedent and receives nothing under the 1923 will, already probated.

The petitioner alleges the execution of a later will and seeks to prove the alleged later document as a lost instrument. She produces a carbon copy of the supposed later will and Edward H. Murphy, a lawyer who testified that he was a witness to a will executed by Jennie Cohen in his former law office. He further testified that the other witness was his office associate, Roderick MacGregor, a lawyer who is now dead, who drew the will.

Mr. Murphy testified to due execution but he did not read the will and did not hear it read and knows nothing of its contents. He recognizes the carbon copy as having been made on his own typewriter, which was in his office at that time. Since the carbon copy bears the date of August, 1935, he concludes

the date when he acted as a witness was on the date of August, 1935. Without the copy produced, he could not tell within the range of several years what the date of the incident might have been. He only spoke with Jennie Cohen while the due execution took place but he well remembers a remark of the maker of the will when signing the same, that she was writing backwards. This witness knows nothing concerning the further whereabouts of this will, except that his office associate took the same after it was executed.

The daughter, Yetta Kohn, known as Edna Kohn, brought Jennie Cohen to the law office on this day when the paper was signed. The witness, Murphy, has never seen the original of this document since the day in question. He never before saw the carbon copy produced, either at the time of the execution or since until shortly before this proceeding was begun. Whether it was his associate's practice to keep original wills or to give them to his client, he does not know. The associate had no safe and kept nothing in the safe owned by the witness.

The petitioner herein is a teacher in the public schools of Buffalo. The decedent died on the 19th day of June, 1936. The petitioner's mother was not called to contradict the testimony of the attorney or that of her daughter.

The petitioner testified that shortly after the death of the decedent herein, the respondents had a meeting at the house of petitioner's mother and her mother brought out a document claimed by petitioner to be the original of the carbon copy introduced in evidence herein. The petitioner said she reached for it, fingered it, handled it and saw it and remarked about the signature being in Yiddish. She swears that she saw and recognized the signature of Roderick MacGregor. She states she had seen Mr. MacGregor's signature on several occasions.

Roderick H. MacGregor was the attorney who conducted the proceedings for the probate of the will now sought to be set aside. The petitioner claims that she recognized her grandmother's signature written in Jewish on the document. She said she also saw the name of Edward H. Murphy written on this paper. The petitioner swears the date on the paper was about a year before her grandmother's death, about August, 1935.

The petitioner testified that in 1936 she knew there was some paper which was in the form of a will. She knew about a will of an earlier date at that time. At the time she saw this supposed will, in 1936, she states she did not know that she had an interest in that will. She swears that it was about 1945 when

she first learned that she had an interest in the alleged later will, and that her Uncle, Albert Cohen, told her about it at that time.

None of the respondents in this proceeding were sworn to contradict or deny any of the testimony given by the petitioner. Her mother was sitting in court during the hearing.

The petitioner's testimony must be taken most strongly against the respondents. (*Perlman* v. *Shanck*, 192 App. Div. 179.) If it is not true that after the death of the decedent a later will was in the possession of these respondents, and that it has now disappeared as claimed, it is a most unusual circumstance that such respondents would not come forward and deny this evidence.

The petitioner says when this alleged will was brought out by her mother in this family meeting it was taken away from her by her uncle and an argument ensued whereupon she was asked to leave the room.

There can be no escape from the conclusion that this document was suppressed by the respondents, to the petitioner's detriment, and the earlier will probated to the respondents' advantage. The facts presented here make a prima facie case for the probate of the 1935 document. It was in existence at the time of decedent's death. The petition for probate signed and sworn to by Edna Kohn, the respondent-executor, alleged that she knew of no other will of said decedent. The petitioner's evidence shows that she did actually know of a later will. It was the executor-respondent herself who brought out the later will at the family meeting.

The question now presented is whether the petitioner is guilty of laches so as to prevent this court from awarding her the relief requested in this proceeding. There is no denial of her statement that it was not until 1945 that she heard that she had a financial interest in the document now sought to be probated.

The petitioner is now thirty-three years of age. At the time of the transaction with her mother and her uncles in 1936 in her mother's home, when the document in question was produced, she was twenty-two years of age. We must believe that she knew nothing about her interest in the later will. Must we say that she as an individual had a duty to come before the court and report that a later will existed and that the then probate proceedings should be stopped? She had no knowledge then that she would have any status to interject herself into the probate proceedings. In fact there is no proof that she knew that any probate proceedings were in progress under the prior

1923 will, except that she lived in the same house with her mother and one of her uncles. It cannot be presumed that if something were being done improperly to deprive her of what she was entitled to, that very much would be said before her or in her presence.

This court is aware of the many instances where the courts have enforced the rule that to set aside a probate decree or other decree of the court a strong case must be presented, without guilt of laches, and a reasonable probability of success must appear. (*Matter of Kalmowitz,* 134 Misc. 508; *Matter of Madden,* 155 Misc. 308; *Matter of Bray,* 146 Misc. 415.)

The instant application, presented without denial of the petitioner's evidence by respondents, creates a case, if not of actual fraud, of at least constructive fraud upon the rights of the petitioner and also upon this court. These respondents have no right to make an election as to which will of the decedent shall dispose of her property. Surely where some part of the transaction includes a fraud upon the court, laches, even if present, should not prevent the court from setting aside the previous decree in the interest of justice.

I find the petitioner is not guilty of laches and is entitled to a decree opening the probate which has taken place. (*Matter of Dittmar,* 154 Misc. 28; *Matter of Grube,* 160 Misc. 718; *Matter of Shonts,* 229 N. Y. 374.)

A decree may be entered opening the probate and permitting an application to be made for probate of the later instrument.