In the Matter of the Will of SUSAN W. THOMPSON, Deceased.

Surrogate's Court, Monroe County, February 2, 1948.

*Franklin H. Smith* for John A. Thompson, petitioner.

*Raymond E. Westbury* and *Edward H. Lamb* for Eva Ross, as administratrix *c. t. a.* of Susan W. Thompson, deceased, respondent.

*C. Norbert Baglin,* special guardian for Earl J. Thompson, an infant, respondent.

WITMER, S. Under the decision of this court made February 11, 1947 (*Matter of Thompson*, 189 Misc. 873), testatrix' will was admitted to probate by decree dated May 9, 1947. Appeal was taken from that decree by Emily Grasse, John Dagg, William E. Dagg, Ernest Dagg and Ethel Rutledge, but not by the petitioner herein; and such appeal is still pending. On July 10, 1947, petitioner instituted the present proceeding by order to show cause why said decree of probate should not be vacated and set aside upon grounds not stated in such order to show cause; and the final papers and briefs on such application have only recently been submitted, following argument.

The petition and supporting affidavits contain at great length statements concerning the circumstances of the execution of the will and the conduct of the parties before and after that occasion. In none of petitioner's papers, except on page 7 of his counsel's brief, is there a statement of the grounds for the application. No proposed answer or objections to the petition

for probate are submitted, and it is not stated upon what grounds petitioner would seek to attack the will if his application were granted. It is the practice to make such showing on applications of this character; and it is particularly important here, where petitioner consented to the probate and testified in support thereof originally. Strong reasons must exist to permit him to reverse his position. Wait on New York Practice (Vol. 8 [4th ed.], pp. 98–99) states: "If the moving party is the defendant in the action and has not served an answer, one should be included in the moving papers. At the same time, he should show affirmatively the defense on which he relies. The mere denial of allegations in the complaint is not sufficient." Petitioner's grounds for this application and his proposed objections should be clearly stated as a basis for the court's proper consideration of this matter; and the moving papers are defective in these respects. (See *Matter of Marshall,* 260 App. Div. 874; 8 Wait on New York Practice [4th ed.], pp. 98–104; Surrogate's Ct. Act, § 316.)

On page 7 of his brief, petitioner's counsel refers to subdivision 6 of section 20 of the Surrogate's Court Act, and states: "This application is not based upon fraud or newly-discovered evidence concerning an issue which has been tried but on the phrase ' other sufficient cause '." Bradford Butler, in his work New York Surrogate Law and Practice (Vol. 1, § 833) says: "The final basis upon which a decree may be vacated or a new trial granted * * * ' other sufficient cause ', adds little or nothing to the grounds for such action which have previously been discussed * * *." It is stated that while the words " other sufficient cause " do not limit the power of the surrogate to cases within the matters previously enumerated in the section, they limit such power to cases similar to such matters, to wit, fraud, newly discovered evidence or clerical error. (*Matter of Madden,* 155 Misc. 308; 1 Warren's Heaton on Surrogate's Courts, § 121, par. 6; 1 Jessup-Redfield, Surrogates' Law & Practice [Rev. ed.], §§ 179–181.) It has been held that a mistake is sufficiently analogous to fraud to permit a decree to be reopened. (*Matter of Hopson,* 213 App. Div. 395, 397; *Matter of Wing,* 162 Misc. 551.) But in *Matter of Brennan* (251 N. Y. 39, 41–42), the court considered subdivision 6 of section 20 of the Surrogate's Court Act and the court's powers in the absence of fraud, newly discovered evidence or clerical error, and said: "The inquiry must, therefore, be directed to the question whether, upon the introduction of such a document as was at all times available but theretofore withheld, a

court of general jurisdiction may consider such evidence ' sufficient cause ' to warrant a modification or vacatur of its own judgment or order and is empowered to reconsider, set aside and reverse it. We think that no court has such power. None of the reported cases recognize it and, on principle, it cannot be held to exist."

" Other sufficient cause " has not been shown for vacating the decree of probate in this case, and the court is without power to grant the application.

If petitioner's papers be deemed a request that the decree be vacated because of newly discovered evidence, the application must likewise fail. Petitioner shows that for more than a year before entry of the decree of probate he knew all the facts which he urges as a basis for vacating the decree, except that prior to February 11, 1947, he did not know what decision the court would make. Three months elapsed after the court's decision before entry of the decree. During this period petitioner knew all the facts which he now seeks the opportunity to present, but he did nothing about it.

Petitioner's papers show that after he was fully aware of practically all of the facts which he now possesses, he testified in support of the probate of the will and made no attempt to withdraw his waiver or join his nephews and nieces in objecting to the will. He states that part of his reason for such conduct was that he believed from conversations with his counsel that the will would not be admitted to probate. A litigant may not toy with the court. He must determine his course and pursue it.

Petitioner is a distributee of testatrix, and for that reason it was necessary to cite him or to have his waiver in order to entertain the probate proceedings. The argument is now made on his behalf that since he was also a beneficiary under a prior will, he has an additional status on which to stand to object to the probate. As above indicated, he knew of such prior will more than a year before the entry of the decree of probate. There is no newly discovered evidence here. Petitioner is not entitled to have his case passed upon by the court without a jury, and upon receiving an adverse decision, have a new trial of the same issues, presumably with a jury.

A decree will not be vacated and a new trial granted unless it appears that there is a reasonable probability of success on the part of petitioner. (*Matter of Elias,* 222 App. Div. 728; *Matter of Madden,* 155 Misc. 308, *supra; Matter of Bray,* 146 Misc. 415; *Matter of Kalmowitz,* 134 Misc. 508, 510.) Petitioner's claims are based wholly on circumstantial evidence

which is not inconsistent with testatrix' competency and freedom from restraint as well as the due execution of the admitted will. His papers show at best only inferences of incompetency and of undue influence, and are, therefore, insufficient to warrant vacating the probate decree. (*Matter of Isham*, 262 App. Div. 929, affd. 287 N. Y. 564; *Matter of Marshall*, 260 App. Div. 874, *supra*; *Matter of Westberg*, 254 App. Div. 320; *Matter of Henderson*, 253 App. Div. 140, 145; *Matter of Elias, supra*; *Matter of Kalmowitz, supra*.)

The application to vacate the decree of probate is denied. Submit order accordingly.