In the Matter of the Accounting of FRANK SPITZER, as Executor of MARIE BERNHARDT, Deceased.

Surrogate's Court, Kings County, November 13, 1953.

*Samuel Leavitt* for Julianna B. Braudits, petitioner.

*Walter J. Klein,* special guardian for Johan Bernhardt.

*Feingold & Falussy* for executor.

RUBENSTEIN, S. This is an application to reopen a decree on accounting entered herein on October 21, 1949, and to amend the decree by providing that payment of the sum now deposited with the city treasurer to the credit of Johan Bernhardt, a brother of the testatrix, be made to the attorney in fact in behalf of a sister.

The testatrix died on November 23, 1944, leaving a will dated November 3, 1944, which was duly probated. Article '' Fifth '' of the will provided that the residue be divided equally between the testatrix' brother, Johan Bernhardt, and a sister in whose behalf this petition is now made. On June 8, 1953, pursuant to the decree of accounting previously entered $2,025.42 was deposited for the benefit of Johan Bernhardt whose whereabouts is unknown.

The petition seeking the relief recites therein that a decree of an Austrian Civil Court was had on August 22, 1951, declaring Johan Bernhardt dead as of December 31, 1928; and thereafter a further determination was made on November 5, 1952, by another Austrian court declaring the said Johan Bernhardt to have died without issue. An abstract of the official declaration of death recites therein that the said Johan Bernhardt was born on June 18, 1895, in Oslip, Austria, was married on February 3, 1923, and migrated to Argentina during the year of his marriage and has since disappeared. No evidence upon which either of the findings were made are submitted with this petition.

The decree on accounting entered on October 21, 1949, adjudicated the rights of Johan Bernhardt. A change in that decree can only be accomplished by a showing that will bring the petitioner within the purview of subdivision 6 of section 20 of the Surrogate's Court Act. To justify the opening of the decree, the petitioner must have evidence so clear and positive that had it been offered originally the result would have been as now sought (*Matter of Madden,* 155 Misc. 308; *Matter of Elias,* 222 App. Div. 728; *Matter of Thompson,* 191 Misc. 168). The court

is not convinced that the proof now presented is adequate to warrant any change of the decree in this proceeding. This court is not bound to treat the judgments rendered in the courts of Austria as conclusive (*Hilton* v. *Guyot*, 159 U. S. 113; *Matter of Gifford*, 279 N. Y. 470), for such adjudications have no probative force outside the jurisdiction where rendered upon persons not parties to the proceeding (*Matter of Horton*, 217 N. Y. 363; *Matter of Eisenberg*, 177 Misc. 655) and are inadequate to overcome the presumption of the continuance of life (*Matter of Katz*, 135 Misc. 861), where, as appears here, the legatee left Austria for Argentina after his marriage in 1923, and thereafter never returned to his native land.

The record of the Austrian court submitted does not indicate that jurisdiction of Johan Bernhardt was obtained after due citation, or such notice as might be reasonably calculated to have given him and his presumptive distributees notice in Argentina of the proceedings initiated in Austria. This court is not required on principles of comity to give recognition to the Austrian decree when it appears that it was obtained without due process to the absentee or those claiming through him (*Matter of Goldstein*, 299 N. Y. 43; *Opton* v. *Guaranty Trust Co. of N. Y.*, 194 Misc. 261).

The petition is therefore denied.

Submit order, on notice, accordingly.