In the Matter of the Estate of JAMES F. WHITE, Deceased.

Surrogate's Court, Albany County, May 26, 1936.

*Williams & Greene,* for the claimant creditor.

*George H. Rothlauf,* for John E. White, administrator *de bonis non,* etc., of deceased.

Rogan, S. On this accounting proceeding two questions are raised concerning the claim of Dr. Louis J. DeRusso: (1) As to whether or not he, said claimant, ever presented his claim to the representative of decedent's estate, and (2) if such claim was presented, is it now barred by reason of the operation of the Statute of Limitations. The facts may be briefly stated as follows:

The decedent died intestate in the city of Albany, N. Y., on the 6th day of September, 1927. Letters of administration on his estate were issued to his brother, Michael J. White, on the 28th day of October, 1927. Michael J. White having died, the petitioner was appointed administrator *de bonis non* on December 18, 1928. He commenced this proceeding for the judicial settlement of his accounts on February 21, 1936, and a citation was thereupon issued and served upon this claimant. Upon the return date he appeared, and subsequently filed an answer in which it is asked that an order be made directing said administrator *de bonis non* to pay him out of the funds remaining undistributed the sum of $1,113, the amount of his claim.

Dr. DeRusso, called as a witness, testified that on or about November 1, 1927, Michael J. White told him he had been appointed administrator of his brother's estate and wanted the doctor's bill. When he was given the bill he said it was all right. He testified that he inquired at the time whether he should do anything further, and he was told in words or substance that he need do nothing further, and he would see the bill paid. The doctor's testimony is uncontradicted. I am of opinion that the acceptance of the claim constituted a waiver of the statutory requirements concerning the presentation of same, and the representative of said estate should not now be permitted to make an unjust use of such waiver. (*Matter of Miles,* 170 N. Y. 75, at p. 81.)

In respect to the second question, I am of opinion it must be answered in the negative. It would appear from the language used in section 211 of the Surrogate's Court Act that the application of the Statute of Limitations is modified to the extent that a rejected claim if not prosecuted and sued on in another court within three months after the rejection " *shall* be tried and determined upon the judicial settlement." It was said in *Matter of Whitcher* (230 App. Div. 239) that the section alluded to above " makes a short Statute of Limitations against an action brought in another court, but it recognizes that if the claim is presented in Surrogate's Court, no statute of limitation applies." While the statute does not expressly say so, it would seem that the principle expressed in this section would apply where no formal rejection or allowance of said claim was shown. I have been unable to find any reported case since the *Whitcher* case was decided (June, 1930) which modifies or changes the judicial interpretation expressed therein. On the contrary, Surrogate FEELY in a very learned and comprehensive opinion writes in *Matter of Schorer* (154 Misc. 198, at p. 208): " As between the two opinions [referring to *Matter of Whitcher* (*supra*) and *Matter of Deitz* (134 Misc. 393), decided in June, 1929, apparently conflicting opinions] that of the majority in the *Whitcher* case seems preferable to the others; and my conclusion is that the service of the claim and its quasi-judicial rejection as aforesaid together constituted the joinder of an issue on the claimant's interposition of his demand by intervening in the official liquidation that is still pending and unsettled; and that this intervention and joinder of issue tolled the statute while that issue stood awaiting trial therein, especially under the stipulation for trial when the executor was prepared to bring on his judicial settlement thereof; *and that even had there been no such stipulation herein the result would have been the same under the command of the statute that the issue so joined should be tried out at judicial settlement as a matter of right.*"

While there is no evidence of a rejection of said claim (Surr. Ct. Act, § 211) nor any proper allowance of same (Surr. Ct. Act, § 210), it should be tried upon its merits in this proceeding for judicial settlement.

The motion, therefore, to dismiss the claim heretofore filed by claimant is denied.

Submit order in accord with this decision. Date for trial of the claim to be fixed by stipulation of counsel to be inserted in order.