In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Opening and Extending of Braddock Avenue (Rocky Hill Road) and Other Avenues in the Borough of Queens.

MOTT HOMES, INC., et al., Appellants.

Argued March 9, 1938; decided May 24, 1938.

*Arthur Morris* for Mott Homes, Inc., et al., appellants. Where the damage parcel and the abutting property are in the same ownership there is no basis for the application of the rule of nominal damages even though the property be subject to reciprocal easements between adjoining owners. With regard to easements of this type, the owner is always entitled to substantial damages. (*City of Buffalo* v. *Pratt*, 131 N. Y. 293; *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136; *Greenfarb* v. *R. S. K. Realty Corp.*, 256 N. Y. 130; *Cole* v. *Hadley*, 162 Mass. 579; *Matter of City of New York* [*E. 177th St.*], 239 N.Y. 119; *Matter of City of New York* [*94th St.*], 22 Misc. Rep. 32; *Matter of City of New York* [*E. 173d St.*], 78 Hun, 487; *Matter of City of New York* [*Roosevelt Ave.*], 186 App. Div. 457; *Matter of City of New York* [*E. 64th St.*], 183 App. Div. 708; *Matter of City of New York* [*Sedgewick Ave.*], 213 N. Y. 438.) Assuming that the easements were created during the pendency of the proceeding, it was within the absolute right of the parties to extinguish such easements by mutual consent at any time prior to the vesting date, and the motive may not be made a matter of inquiry. (*Matter of City of New York* [*Titus St.*], 139 App. Div. 238; *Matter of City of New York* [*E. 177th St.*], 239 N.Y. 119; *Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136; *Matter of City of Buffalo* v. *Pratt*, 131 N. Y. 293; *Matter of City of New York* [*Sedgewick Ave.*], 213 N. Y. 438; *Snell* v. *Levitt*, 110 N. Y. 595; *Matter of City of New York* [*Ludlow & Whitlock*

*Aves.*], 164 App. Div. 839; *Andrews* v. *Cohen*, 221 N. Y. 148; *Fritz* v. *Tompkins*, 18 Misc. Rep. 514; 168 N. Y. 524; *Lathrop* v. *Lytle*, 84 Misc. Rep. 161; *Stillman* v. *City of Olean*, 228 N. Y. 322.) No easements of any kind were created in damage parcels 67L and 67M for the reason that a grantor may not claim in himself a reservation in the property conveyed in derogation of his deed in the absence of record evidence. (*Reis* v. *City of New York*, 188 N. Y. 58; *Nichols Copper Co.* v. *Connolly*, 208 App. Div. 667; 240 N. Y. 596; *Fritz* v. *Tompkins*, 18 Misc. Rep. 514; 168 N. Y. 524; *Parsons* v. *Johnson*, 68 N. Y. 62; *Lathrop* v. *Lytle*, 84 Misc. Rep. 161; *Andrew* v. *Cohen*, 221 N. Y. 148.) No easements were ever created as to damage parcel 67D. (*Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136.) The circumstance that Mott Homes, Inc., improved abutting damage parcels 67E to J according to the new line before making the deed by which it is claimed easements were created is no indication of an intention to create a new street line independently of the city's proceeding. (*Matter of City of New York* [*Briggs Ave.*], 196 N. Y. 255; *Matter of Opening Rogers Ave.*, 29 Abb. N. C. 361; *Sherwood* v. *St. Paul & Chicago R. R. Co.*, 21 Minn. 122.)

*Arthur Morris* for William Diederich et al., appellants. Notwithstanding the subsequent creation by the fee owner of easements which may, as to the fee owner, reduce the value of the damage parcel, the mortgagee is entitled to the full unencumbered fee value of the damage parcel up to the amount of the mortgage. A mortgage is a lien for the full amount thereof on each and every part of the property and the hypothetical value of the remainder may not be deducted from the award. (*Matter of City of New York* [*43d Ave.*], 241 App. Div. 889; 242 App. Div. 661; *Merriman* v. *City of New York*, 227 N. Y. 279; *Hill* v. *Wine*, 35 App. Div. 520; *Gates* v. *De La Mare*, 142 N. Y. 312; *Deering* v. *Schreyer*, 171 N. Y. 451; *Matter of City of New York* [*East River Park*], 184 App. Div. 509; 226 N. Y.

640; *Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26; *Matter of Beach 2d St. Far Rockaway,* 141 Misc. Rep. 820; *Matter of Forman,* 240 N. Y. Supp. 718; *Matter of City of New York* [*Neptune Ave.*], 271 N. Y. 331; *Cyllene Corp.* v. *Eisen,* 272 N. Y. 526; *Matter of City of New York* [*E. 29th St.*], 273 N. Y. 62.) Any acts by the owner of the equity of redemption subsequent to the execution of the mortgage tending to create easements, dedicate, or in any way encumber the mortgaged lands are void as against the mortgagee. (*Ward* v. *Davis,* 3 Sandf. 502; *Rice* v. *Dewey,* 54 Barb. 455; *Howe* v. *Bell,* 143 N. Y. 190; *Rector* v. *Mack,* 93 N. Y. 488; *City of Buffalo* v. *D., L. & W. R. R. Co.,* 68 App. Div. 488; 178 N. Y. 561.)

*Edward J. Connolly* and *Louis Costagliola* for National City Bank of New York, as trustee, appellant. The mortgagee has a lien for the full amount of the mortgage indebtedness on the land taken despite the fact that the mortgage covers other lands not taken. (*Matter of City of New York* [*East River Park*], 184 App. Div. 509; 226 N. Y. 640; *Hill* v. *Wine,* 35 App. Div. 520; *Gates* v. *De La Mare,* 142 N. Y. 307; *Matter of Beach 2d St. Far Rockaway,* 141 Misc. Rep. 820; *Matter of Forman* [*Rockaway Blvd.*], 240 N. Y. Supp. 718; *Matter of City of New York* [*Houghton & Olmstead Aves.*], 266 N. Y. 26.) A mortgagee is an owner of the land taken and entitled to a substantial award. (*City of Buffalo* v. *D., L. & W. R. R. Co.,* 68 App. Div. 488; 178 N. Y. 561.)

*William C. Chanler, Corporation Counsel* (*Reuben Levy* and *William S. Gaud, Jr.,* of counsel) for respondent. Private street easements were created over the damage parcels, all of which were located in the bed of Braddock avenue, as a result of the conveyances with reference to the new northerly line of Braddock avenue as shown on the topographical maps. (*Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136; *Reis* v. *City of New York,* 188 N. Y. 58; *Lord* v. *Atkins,* 138 N. Y. 184; *White's Bank*

of Buffalo v. Nichols, 64 N. Y. 65; Matter of City of New York [Edgewater Road], 138 App. Div. 203; 199 N. Y. 560; Matter of City of New York [Harrison Ave.], 267 N. Y. 64; Matter of Village of Olean v. Steyner, 135 N. Y. 341; Matter of Eleventh Ave., 81 N. Y. 436; Smith v. Smith, 120 App. Div. 278; 193 N. Y. 667; Matter of City of New York [Sedgewick Ave.], 213 N. Y. 438; Matter of City of New York [Johnson Ave.], 135 App. Div. 630; 198 N. Y. 505.) The nominal awards for the damage parcels were proper in view of their physical condition, their actual use, and the permanent improvements built on the abutting property with reference to such street use. (Matter of City of New York [City Hall Place], 271 N. Y. 199; Matter of City of New York [Old Third Ave.], 241 App. Div. 13; 265 N. Y. 503; Matter of City of New York [Westchester Ave.], 126 App. Div. 839; Matter of City of New York [Northern Blvd.], 258 N. Y. 136.) Where a portion of mortgaged real property is subjected to private street easements without the mortgagee's express consent, the damage of the mortgagee in a condemnation proceeding to acquire the easement-burdened strip should be measured by the extent to which the taking has impaired the value of the mortgage lien. (Matter of City of New York [Forty-third Ave.], 241 App. Div. 889; 242 App. Div. 661; Lane v. Hitchcock, 14 Johns. 213; Van Pelt v. McGraw, 4 N. Y. 110; Ogden Lumber Co. v. Busse, 92 App. Div. 143; Morgan v. Waters, 122 App. Div. 340; Hartshorn v. Chaddock, 135 N. Y. 116; Alexander v. City of Plattsmouth, 30 Neb. 117; Omaha Bridge & Terminal Ry. Co. v. Reed, 69 Neb. 514; Federal Trust Co. v. East Hartford Fire Dist., 283 Fed. Rep. 95; Rector v. Mack, 93 N. Y. 488; Queens County Sav. Bank v. Graham, 83 App. Div. 629; New York Life Ins. & Trust Co. v. Milnor, 1 Barb. Ch. 353; Ridge of Brooklyn Realty Co. v. Offerman, 149 App. Div. 878; Boston Chamber of Commerce v. Boston, 217 U. S. 189; Tax Lien Co. v. Schultze, 213 N. Y. 9.)

FINCH, J. Was the Appellate Division justified in limiting the award to nominal damages for taking property as part of a widened avenue? The answer to this question depends on whether there was present an intention to burden the property taken with private street easements of light, air and access.

The mortgagees also have appealed, seeking an award based on the unincumbered fee value of the land taken without regard to the extent of the impairment of the security of the mortgage where the part so taken was burdened with such private easements without the consent of the mortgagee.

This proceeding to acquire title for street purposes was instituted pursuant to several resolutions of the Board of Estimate, the first having been adopted March 11, 1926. Its purpose was to widen Braddock avenue to the uniform width of 100 feet throughout its length. This avenue, as widened to 100 feet, was shown on at least four topographical maps of the city plan adopted at intervals between November, 1925, and December, 1929. The lines on these topographical maps are identical with the lines of Braddock avenue as described in this proceeding. Title to the damage parcels vested May 2, 1931.

In September, 1926, after the institution of the condemnation proceedings, the appellant Mott Homes, Inc., became the owner of a tract of land under a farm description, which included the damage parcels.. Thereafter at various times between May, 1927, and October, 1929, Mott Homes, Inc., conveyed to different grantees certain lots between Two Hundred and Fortieth and Two Hundred and Forty-second streets abutting upon these parcels. The descriptions in these deeds bounded the lots conveyed by metes and bounds upon the new northerly line of Braddock avenue as shown on the topographical maps. The damage parcels were not included within this description, but passed to the grantee in each case under a separate street clause, which provided that the grantee would be entitled to any award in condemnation pro-

ceedings. After these sales, only two parcels remained in the ownership of Mott Homes, Inc. These two parcels were each in a block where sales had been made by Mott Homes, Inc., with reference to the new northerly line of Braddock avenue. After the trial an award of nominal damages was made for damage parcel No. 67, which embraced all the damage parcels involved herein. After hearing objections to the tentative decree, the trial justice changed his position and awarded substantial damages for the damage parcels, basing his determination upon *Matter of City of New York (Northern Boulevard)* (258 N. Y. 136).

Upon appeal to the Appellate Division there was an unanimous reversal and a determination that the facts and circumstances surrounding the various conveyances by Mott Homes, Inc., to the several grantees established the intention of the parties to create private easements upon Braddock avenue as that avenue is shown on the topographical map of the city of New York. The *Northern Boulevard* case was held inapplicable to the facts in the case at bar. Upon reargument the Appellate Division unanimously adhered to its determination that " these facts and the other circumstances evidenced by the proof in the case are expressive of the intention of the parties to dedicate to street purposes the property lying between the old and new lines of Braddock avenue." (251 App. Div. 669, 671.) The Appellate Division, however, was divided three to two as to whether the mortgagees of certain parcels were entitled to awards based on the full unincumbered fee value unaffected by the easements, because such easements were created subsequent to the giving of the mortgages. The majority of the court held the rule applicable which is applied in cases of waste, that is, that the mortgagees were entitled to damages only to the extent that they could show that the security of the mortgage loans was impaired by the taking. The dissenting judges argued that the mortgagees were entitled to awards without regard to

impairment of security, and entitled to liens which attached to the awards, and that such awards may be sufficient to satisfy the entire amount of the mortgage. The minority of the court also held that where, as in the present case, the owner is entitled only to a nominal award, payment by the city to such mortgagee of a substantial award for the land taken would unjustly enrich the owner, and that to prevent such unjust enrichment, equity should subrogate the city, upon payment of the award to the mortgagee, to the rights of the latter under the mortgage in the part of the mortgage property not taken, subject to the right of the mortgagee to the balance due upon his mortgage.

We held in *Matter of City of New York (Northern Boulevard) (supra)*, that whether property was burdened with street easements, or was dedicated to street purposes, was a question of fact depending upon the intention of the parties. In that case there was a sale with reference to a private property map, which indicated the width of the old street as well as the new; the lots were sold by lot numbers and the damage parcels passed under the same lot numbers description and the space between the old and new lines was covered with trees and boulders, having none of the physical aspects of a street. Under these circumstances it was held that an intention to create private easements was not shown.

In the case at bar the sale was made with reference to topographical maps which showed Braddock avenue as widened, and only dotted lines served to identify the old street lines. The sales also were made by metes and bounds with reference to the new street line, and titles to the damage parcels passed under a separate street clause. The space between the old and the new lines was actually in use as a street, had been so used for several years and had all the physical aspects of a street with sidewalks and curbs laid, and the abutting property was improved with stores and dwellings which

were so built as to recognize the new line of Braddock avenue.

Let us consider the various damage parcels separately. In May, 1927, Mott Homes, Inc., conveyed damage parcel 67-M by a deed which, as noted, described the property as bounded by the new street line, and included the damage parcel in a separate street clause. In the same year the purchaser of the property acted upon the new street line as deeded by Mott Homes, Inc., by erecting thereon six one-story brick stores, and laid down sidewalks and curbs all conforming with the new street line. These facts and the other circumstances evidenced by the proof in the record, together with the fact that all the damage parcels were in use and had been for years as a well-known arterial avenue unmistakably show the intention of the parties to create private street easements.

In May, 1928, Mott Homes, Inc., improved approximately one-half of the other blocks, namely, between Two Hundred and Fortieth and Two Hundred and Forty-first streets, by erecting thereon two-story brick stores and dwellings, and thereafter conveyed the property. The buildings thus erected recognized the new street line, and sidewalks and curbs were built in conformity therewith. The property included damage parcels 67-E through J. Following these conveyances Mott Homes, Inc., was irrevocably committed in this block also to the street easements in accordance with which they had built and conveyed these properties.

Damage parcel 67-D was sold in 1929, and had not been improved. Nevertheless the owner cannot contend that a private easement was not created in view of the description in the deed, the reference to the topographical map, and the fact that other property on the same block had previously been improved and sold by this same owner in conformity with the new street line. Damage parcels 67 and 67-L were retained by Mott Homes, Inc.,

and were never improved. Nevertheless, Mott Homes, Inc., having conveyed various other properties on these blocks with reference to the topographical map, and having created private easements in these other properties, cannot contend that the property which it has retained is not subject to the same private easements.

With all the damage parcels thus subject to street easements, are the owners of the fee of the land entitled to more than nominal awards? Ordinarily, land in the bed of a street, being a naked, unproductive fee, useless, bereft of enjoyment and incapable of pecuniary advantage, its owner is entitled to no more than a nominal award. (*Matter of City of New York* [*Decatur Street*], 196 N. Y. 286.) Does the additional circumstance in the case at bar, that the lands of the claimants abut upon the lands so burdened, compel us to reach a different result. In this outlying and sparsely settled district, no material distinction appears between the value of this land lying beneath an extensive and well-known avenue, in use as a street for years, and its value if the claimants had not been abutters. No evidence appears that the value of any possible use of the land beneath the street would equal the cost of excavation and structural support above such excavation. Additional land appears plentiful and, therefore, comparatively cheap; excavation beneath a street in use, difficult and costly. We agree with the Appellate Division that the owners of the damage parcels suffered no substantial damage.

We now approach the questions certified by the Appellate Division, namely:

1. In this condemnation proceeding, is the mortgagee entitled to a direct award based on the unincumbered fee value of the land taken without considering the value of the part of the mortgage premises not taken?

2. Should the award to the mortgagee be limited to the amount by which his security has been impaired by the taking?

In the case at bar it is conceded with respect to damage parcels Nos. 67-E, G, H, I and J that the mortgage covered the property prior to the creation of the street easements and the dedication of the land taken to street purposes. The mortgagee, therefore, was entitled to the unincumbered fee value of the land taken. The mortgagee had contracted for the entire land covered by the mortgage as security for his mortgage. It was without the power of the court to diminish his security by a finding of the court that a portion taken did not impair the value of the security for which the mortgagee had contracted. Where a portion of land is taken by condemnation on which there is a mortgage, the mortgagee has a lien which attaches to the award made. (*Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26, 29.) Where, as in the present case, the owner is entitled only to a nominal award, payment by the city to such a mortgagee of a substantial award for the land taken would inure to the benefit of the owner, and would unjustly enrich the owner. In order to prevent such unjust enrichment, when the city pays such substantial award to the mortgagee, the city will become, to the extent of the payment, subrogated to the rights of the mortgagee under the mortgage in the part of the mortgaged premises not taken, but will be subordinated to the rights of the mortgagee in the mortgaged property not taken for the balance due upon his mortgage. The application of this equitable principle thus prevents unjust enrichment.

It follows that the order of the Appellate Division, in so far as it awards nominal damages for the damage parcels taken, should be affirmed without costs, the first question certified answered in the affirmative, and the second question answered in the negative.

CRANE, Ch. J. (dissenting in part). I concur as to the claim of the mortgagee, but dissent as to the owners. I can see no dedication or creation of street easements because

property is sold or developed according to street lines created by the city. Property cannot be taken by a city without payment by simply filing street maps.

LEHMAN, J. (dissenting in part). I dissent from so much of the opinion as holds that an abutting owner of land subject to private street easements is entitled to only nominal damages, especially in view of the fact that the city's own estimate shows that part of the original value still remains.

O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur with FINCH, J.; CRANE, Ch. J., and LEHMAN, J., dissent in part in separate memorandums.

Ordered accordingly.   (See 278 N. Y. 703.)