In the Matter of the Judicial Settlement of the Account of Proceedings of LOUIS KATZ and STANLEY BOGART, as Substituted Executors, etc., of SARAH GOLDOWITZ, Deceased.*

LOUIS KATZ and STANLEY BOGART, as Substituted Executors, etc., of SARAH GOLDOWITZ, Deceased, Appellants, Respondents; WORKMEN'S MUTUAL FIRE INSURANCE SOCIETY, INC., Objectant, Respondent, Appellant.

Second Department, November 20, 1939.

* Revg. 171 Misc. 198.

*J. M. Lonergan,* for the substituted executors.

*Seymour J. Wilner [Israel Kay* with him on the brief], for the objectant.

PER CURIAM. In a proceeding in the Surrogate's Court, Kings county, brought for the judicial settlement of the account of proceedings of substituted executors of the last will and testament of the decedent, an order was made striking out the reply of the substituted executors to objections filed by the objectant Workmen's Mutual Fire Insurance Society, Inc., which held a contingent claim against the decedent arising out of a bond executed by her, secured by mortgage on her real property, upon the ground that such reply was insufficient in law on its face. The order also directed judgment against the substituted executors personally for the amount of the objectant's claim, which had become duly merged in a deficiency judgment, but permitted the substituted executors to serve an amended reply. From that order the substituted executors appeal. The objectant also appeals therefrom in the respect that it fails to grant that portion of the relief prayed for by the objectant which sought a provision in the decree requiring the distributees and legatees to return to the estate those assets received by them in excess of their proper shares after payment of the objectant's judgment.

In our opinion the reply was sufficient in law on its face. The substituted executors, upon the pleadings, including the reply, are not liable for the claim of the objectant arising out of the bond of the deceased, secured by mortgage on her real estate. (*Matter of Horner,* 149 Misc. 695, 697; *Matter of Cronin,* 162 id. 370, 372; *Matter of Rogers,* 142 id. 572; affd., *sub nom. Matter of Dusenbery* v. *Bragg,* 241 App. Div. 553, 555; Surr. Ct. Act, §§ 207, 208; Real Prop. Law, § 250.)

The appeal of the objectant has become academic.

The order should be reversed on the law, with ten dollars costs and disbursements, payable by the objectant, and the motion of the objectant to strike out the reply, on the ground that it is insufficient in law on its face, and for judgment, should be denied, with ten dollars costs, payable by the objectant. In so far as the order is appealed from by the objectant, the appeal should be dismissed.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order of the Surrogate's Court, Kings county, reversed on the law, with ten dollars costs and disbursements, payable by the objectant, and the motion of the objectant denied, with ten dollars costs, payable by the objectant.

In so far as the order is appealed from by the objectant, the appeal is dismissed, without costs.