In the Matter of the Application of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Required for the Opening and Extending of 43d Avenue, 61st Street and 62d Street in the Borough of Queens.

HARBRO HOLDING COMPANY, INC., Respondent.

Argued November 22, 1939; decided December 28, 1939.

44

*William C. Chanler,* Corporation Counsel (*Lewis Orgel, Julius Isaacs* and *Reuben Levy* of counsel), for appellant. The decision of the court below was erroneous since it ignored the respondent's concession that its mortgage had merged with the fee; and placed the city at the respondent's mercy by limiting the city's right of subrogation to whatever property happened to remain subject to the respondent's mortgage when the city paid the award. (*Asche* v. *Asche,* 113 N. Y. 232; *Lynch* v. *Pfeiffer,* 110 N. Y. 33; *Spencer* v. *Harford,* 4 Wend. 381; *Burnet* v. *Denniston,* 5 Johns. Ch. 35; *Hennessy* v. *King,* 225 App. Div. 152; 252 N. Y. 570; *Matter of City of New York* [*Braddock Ave.*], 278 N. Y. 163.)

*A. Albert Bennin* and *I. Joel Komarow* for respondent. The conveyance to respondent of the remaining lands, being subsequent to the vesting of title by the city to damage parcel No. 12, while effecting a merger as to the lands specifically conveyed, could not effect a merger as to that portion of the mortgaged lands previously acquired, for which it was entitled to an award as mortgagee. (*Matter of City of New York* [*43d Ave.*], 241 App. Div. 889; 242 App. Div. 261; *Matter of City of New York* [*Braddock Ave.*], 278 N. Y. 163; *Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26; *Hendry* v. *Title Guarantee & Trust Co.,* 165 Misc. Rep. 349; 255 App. Div. 497; 280 N. Y. 740; *Hill* v. *Wine,* 35 App. Div. 520; *Gates* v. *De La Mare,* 142 N. Y. 307; *Deering* v. *Schreyer,* 171 N. Y. 451; *Matter of City of New York* [*Boscobel Ave.*], 242 App. Div. 392; 266 N. Y. 503; *Matter of City of New York* [*Neptune Ave.*], 271 N. Y. 331; *Matter of City of New York* [*East 29th St.*], 273 N. Y. 62; *Matter of City of New York* [*Cyllene Corp.*], 272 N. Y. 526; *Matter of Graef,* 169 Misc. Rep. 869.) The mortgage release given by respondent in no way impairs the right of subrogation erroneously granted to appellant by the court below.

(*Gates* v. *De La Mare*, 142 N. Y. 307; *Matter of City of New York* [*Braddock Ave.*], 278 N. Y. 163; *Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341.)

RIPPEY, J. Condemnation proceedings were brought by the city of New York to acquire certain lands for opening and extending Forty-third avenue from Fifty-seventh street to Sixty-third street in the borough of Queens. Damage Parcel No. 12 was included within the lands condemned and an award of $1,500 was made by Special Term to the mortgagee and a nominal award of one dollar to the fee owner of the property. The Appellate Division, upon appeal, modified the Special Term order by providing " that when the City pays the award to the mortgagee Harbro Holding Co., Inc., it shall have an equitable lien therefor upon the mortgaged premises not taken, by way of subrogation to the rights of the mortgagee, to the extent of the amount of the award," and, as so modified, affirmed. The city alone is appealing to this court.

Title to Damage Parcel No. 12 vested in the city on November 2, 1927. The award was made on December 1, 1937. Trials and appeals intervened since the commencement of the proceeding on April 14, 1927.

On February 28, 1928, the Harbro Holding Company, Inc., became the owner by assignment of a mortgage dated October 19, 1925, of the face value of $18,000 for which it paid the sum of $10,000. On February 28, 1928, the assignee released to the Woodris Realty Corporation eight lots in the tract for a consideration of one dollar, although the mortgage provided for payment of $1,000 upon release of each interior lot and of $1,500 for the release of each corner lot covered by the mortgage, aggregating a total of $9,000. The Woodris Realty Corporation had become owner of nineteen lots in the tract on December 30, 1927. On April 11, 1929, the Woodris Realty Corporation conveyed a total of thirteen lots to the Harbro Holding Company, Inc.

At the time of that transfer any lien which might have existed by virtue of the mortgage on Damage Parcel No.

12 had been extinguished by virtue of the vesting of title in the city (Administrative Code of City of New York [L. 1937, ch. 929], § B15–37.0; *Matter of Braico*, 235 App. Div. 132; affd., 260 N. Y. 625; *Matter of City of New York [Boscobel Ave.]*, 242 App. Div. 392; *Gates* v. *De La Mare*, 142 N. Y. 307, 312; *Deering* v. *Schreyer*, 171 N. Y. 451). The nominal award to the owner was correct, since private street easements existed against the property prior to the time of the vesting of title in the city. That, however, did not affect the lien of the mortgage upon the property taken (*Matter of City of New York [Braddock Ave.]*, 278 N. Y. 163).

The city contends here that its right to subrogation has been impaired since, subsequent to the date of vesting, the mortgagee released for a nominal consideration from the lien of its mortgage various lots as above stated, relying upon *Matter of City of New York (Braddock Ave.)* (*supra*), but the city overlooks the fact that the decision in that case was based upon an equitable necessity to prevent unjust enrichment on the part of the owner. Here, although the stockholders of the corporation to which the lots were released are the same as the stockholders of the Harbro Holding Company, Inc., the most that the city could ask for would be a reduction of the balance remaining due on Harbro's mortgage in accordance with the schedule contained in the release clauses of the mortgage. *The court took that fact into consideration in making the award.* Harbro was in no way unjustly enriched and the doctrine of subrogation should not have been applied in this case. Nevertheless, it was applied, and the Harbro Holding Company, Inc., is not appealing. The city may claim the right of subrogation as to the lots not taken which the lower court has given it up to the full amount of the award and the city is not in any manner prejudiced by the modification by the court below. The award has been unanimously affirmed and is sustained by the evidence. There is no point that the city can urge here warranting any reversal or modification of the order appealed from.

The order appealed from should be affirmed, without costs.

FINCH, J. (dissenting). Upon this appeal the liability of the city to pay an award to a mortgagee for the taking of part of certain mortgaged premises is disputed for the reason that, since the vesting of title in the city the mortgage has been satisfied.

The facts, in so far as necessary to present the decision, are as follows:

On November 2, 1927, the city of New York condemned, for purposes of a street, and the title then vested to a certain strip of land already burdened with private street easements. This strip was a portion of a tract upon which a mortgage had been executed in 1925. The easements were created by the subsequent grantee after the mortgage. On December 30, 1927, the Woodris Realty Corporation acquired the fee of a portion of the tract not taken by the city. On February 28, 1928, Harbro Holding Company, respondent, became the holder of the mortgage, and on April 11, 1929, Woodris conveyed the fee to Harbro. The fee and the mortgage were thus united in Harbro. The sole stockholders of each corporation are two brothers, who own a one-half interest each in the two corporations. During the interim between February 28, 1928, and April 11, 1929, Harbro, for a nominal consideration, had released from the mortgage lien certain lots which, according to the mortgage agreement, were to have been released upon payment of $1,000 for ordinary street lots, twenty feet by ninety feet, and $1,500 for corner lots of the same size.

The decision of Special Term entitled Harbro, as assignee of the holder of the mortgage on title vesting day, to be paid the value of the fee of the street taken by the city, up to the amount of the indebtedness remaining under the mortgage. In arriving at this amount the justice at Special Term apparently reduced the amount of the mortgage indebtedness by the sums which the mortgagee would have received had the latter enforced the terms of the mortgage in releasing the lots as above indicated. Thus the city was

not aggrieved by the alleged fraudulent releases. The easements in the street created by the mortgagor subsequent to the mortgage were properly held not to affect the rights of the mortgagee. On appeal to the Appellate Division, that court modified the order of Special Term by granting the city a lien by way of subrogation to the position of the mortgagee but subordinate to the right of the mortgagee, upon payment of the award (*Matter of City of New York* [*Braddock Ave.*], 278 N. Y. 163). It appears from the opinion of the Appellate Division that the effect upon the position of the city of the alleged satisfaction of the mortgage subsequent to title vesting day, was not passed upon for the reason that the court held that all rights were immutably fixed as of that day, and hence a subsequent payment was of no moment.

In the case at bar the city has urged as a reason why it should not be compelled to pay the award to Harbro that the mortgage which existed on title vesting day is no longer a subsisting lien, and, therefore, the city should not be required to compensate Harbro for the taking of land which no longer formed part of the security under the mortgage.

The major question upon this appeal is as follows: Does a mortgagee, upon the taking by the city of a part of the mortgaged premises, become entitled absolutely to the value of the fee taken, up to the amount of the debt, even though prior to payment the debt may have been satisfied?

Ordinarily the amount of the damage sustained by the mortgagee must be ascertained at a time when the debt and the lien in support thereof are still in evidence. This was the situation in the *Braddock Ave.* case, where it was argued by the city that, since the mortgage is only security for a debt, the taking of part of the land which is subject to the mortgage inflicts no damage upon the mortgagee unless it appears that (1) the mortgagor probably will default on his obligations and (2) the remaining land will be inadequate to satisfy the debt. (*Van Pelt* v. *McGraw*, 4 N. Y. 110.) Admittedly, the mortgagee would suffer no damage if the mortgagor were certain to pay, or the security remaining

after the taking were certain to be sufficient to satisfy the debt. The interest of the mortgagee is as broad as, but no broader than, the payment of his debt. It is never certain, however, that the debtor will remain able and willing to pay, and that a tract of land will continue to maintain a value sufficient to meet the indebtedness. Consequently, the very purpose of any given mortgage is (1) to afford the creditor some material assurance for the repayment of the loan, and (2) to provide not only *some* security but that *margin* of security which is created by the mortgage agreement. Although the mortgagee might ultimately be made whole, despite the loss of some or all of his security, the taking of a part of the land by the city constitutes an invasion of the present right of the mortgagee to that degree of material protection against the ultimate loss, for which he bargained. The performance of every contract involves some element of risk. In regard to a loan secured by land, the mortgage measures the extent to which the risk is eliminated by agreement between debtor and creditor. To enhance the risk and create a greater *possibility* of ultimate loss, even though repayment remains the *probable* eventuality, is to alter the agreement of the parties. For such an invasion of the rights of the mortgagee, compensation must be made. In this State the form of compensation has been to pay the mortgagee the award up to the amount of the lien. (*Matter of City of New York* [*Braddock Ave.*], *supra; Matter of City of New York* [*Neptune Ave.*], 271 N. Y. 331; *Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26.) By this procedure payment of the debt is in effect accelerated and the debt of the mortgagor is paid to the extent of the award by the city in those cases where encumbrances created subsequent to the mortgage render the mortgagor's interest of only nominal value. In such cases prepayment of the loan to the extent of the award is the only satisfactory protection of the rights of the mortgagee, but since the mortgagor, being entitled to no award in his own right, would then be unjustly enriched at the expense of the city, a holding was required in the

*Braddock Ave.* case, that for the recovery of the amount paid to the mortgagee, the city may assert the rights the mortgagee would have had against the mortgagor but for the award. It was there noted also that this remedy afforded to the city may not interfere with the lien of the mortgage upon the remaining premises for the amount of the mortgage debt remaining unpaid. Thus, if after the payment of the award the remaining land subject to the mortgage is not equal in value to the claims of both the mortgagee and of the city, that of the mortgagee must be first satisfied.

Thus far we have considered the liability of the city as of a time when payment of the mortgage debt has not yet taken place. But the city urges that the case at bar involves not that situation, but one where the doubt and risk of ultimate payment of the debt secured by the mortgage have been dissolved by its subsequent satisfaction. It is the contention of the city that, although the mortgagee owned a valid lien on title vesting day in regard to Damage Parcel No. 12, the mortgage has since been extinguished and, therefore, the potential damage has failed to materialize. To illustrate, let us assume that on title vesting day, the mortgage indebtedness was $10,000, and the value of the land taken in condemnation $5,000. Before the award is made, the mortgagor discharges his entire obligation. May the mortgagee nonetheless claim the $5,000 for the land taken, on the ground that, by some principle of immutability, he is entitled to be compensated for a loss which was possible so far as prospects were concerned when viewed on title vesting day, but which is impossible in the light of facts known when the amount of compensation is to be paid? Rules of damages are necessarily approximations because of the uncertainties attendant upon the forecast of ordinary affairs; but may a satisfied creditor demand more than his debt in consequence of a rule designed to safeguard the interests of a creditor still unpaid? Indeed, the very reason for the latter rule prescribes the limits of its application. In the *Braddock Ave.* and similar situations, the risk of possible loss is shifted, to the extent of the award,

from the mortgagee to the city. But where the mortgagee has already been satisfied, the possibility of loss cannot exist, and payment of the award by the city to the mortgagee would not be reimbursement for damages sustained, but a double payment or a gift of public funds. In other words, the city would be paying where the owner of the lands was entitled to no award and the mortgagee had already been paid in full.

In order to sustain its contention that the mortgage no longer existed as a valid lien, the city introduced the following evidence: that Harbro collected no interest upon the mortgage; that Harbro acquired the fee " subject to encumbrances " for the consideration of $100; that the premises possessed a substantial value; that after Harbro acquired the fee it made an application for the reduction of a tax assessment in 1932 but did not include the mortgage in question among the encumbrances upon the property, thus confirming the contention of the city that the mortgage had been satisfied. From such evidence it might well have been found as a matter of fact that the mortgage indebtedness had been satisfied, not by payment of money, but by the grant of the land. If the land was transferred by the owner of the fee to the mortgagee with the intent that it satisfy the entire mortgage debt, then the entire mortgage debt, including the lien on Damage Parcel No. 12, would have been extinguished just as though the mortgagor had paid in money. Whether the mortgage debt has been satisfied by the acquisition of the fee, presented an issue of fact. On a retrial the city may be able to show that the value of the land acquired by the mortgagee for a nominal consideration exceeded the amount still unpaid upon the mortgage. As already indicated, some evidence bearing on this question has been presented, but the evidence on both sides is not as complete as it might have been because of the confusion of the parties as to what constituted the decisive questions in the case. As stated at the outset, neither Special Term nor the Appellate Division, so far as this record discloses, has passed upon the issue involving

the payment of the mortgage by the acquisition of the adjoining premises, so that the city might be relieved from the payment of the award on Parcel No. 12. A new trial should be had in which both parties will have the opportunity to introduce proof upon this issue of payment, and a judicial determination will be had thereon.

If, however, the city should be unable to prove satisfaction of the mortgage debt, it would then not be entitled to a lien for repayment under the principle of the *Braddock Ave.* case. This conclusion rests upon the basis that if the amount unpaid upon the mortgage requires the application of the award for Damage Parcel No. 12, in addition to the value of the remaining premises, then the city could not be in the position of paying the value of a part of the security to which the mortgagee was entitled, and taking away again this payment by a lien on the remaining premises, all of which the mortgagee was entitled to by way of security.

The city is entitled to a new trial to determine whether the award to the Harbro Holding Company, Inc., should be stricken out upon the ground that its mortgage, the basis for the award, has been satisfied. The order appealed from should be reversed and new trial granted, with costs in all courts to abide the event.

CRANE, Ch. J., LEHMAN, HUBBS and LOUGHRAN, JJ.; concur with RIPPEY, J.; FINCH, J., dissents in opinion; O'BRIEN, J., taking no part.

Order affirmed.