In the Matter of the Accounting of BERNARD SEGALL et al., as Executors of JACOB W. SEGALL, Deceased, Appellants.

MORRIS GOTTLIEB et al., Respondents.

Argued October 20, 1941; decided November 27, 1941.

*William K. Hyman* and *Graham Miller* for appellants. The respondent, having failed to file a timely notice of contingent claim, as required by section 207 of the Surrogate's Court Act, and the executors having completely distributed the estate, it was error to direct the executors to pay the respondent's claim eight years after distribution. (*Matter of Burrow*, 283 N. Y. 540; *Matter of Goldowitz*, 258 App. Div. 62; *Matter of Brenner*, 171 Misc. Rep. 627; 258 App. Div. 717; *Matter of Cronin*, 162 Misc. Rep. 370; *Matter of Horner*, 149 Misc. Rep. 695; *Matter of Mullon*, 145 N. Y. 98; *Matter of Dederer*, 6 N. Y. Supp. [2d] 183; *Matter of Mallin*, 142 Misc. Rep. 520; *Schuylkill Fuel Corp.* v. *B. & C. Nieberg Realty Corp.*, 250 N. Y. 304; *Rudd* v. *Cornell*, 171 N. Y. 114; *Rosenthal* v. *Equitable Life Assur. Soc.*, 254 App. Div. 205; *Gay* v. *Riehmann Mantel*

*Co.*, 53 App. Div. 507.) The respondent's claim should have been dismissed for failure of proof. (*Matter of Lichtman*, 148 Misc. Rep. 228; *Matter of Merllo*, 152 Misc. Rep. 435.) The Surrogate having ruled that the respondent was entitled only to share proportionately with the other creditors and the respondent not having appealed, the Appellate Division erred in substituting a direction that the executors pay the claim in full. (*Stark* v. *National City Bank*, 278 N. Y. 388; *Matter of City of New York* [*43rd Ave.*], 282 N. Y. 42; *McConkey* v. *Title Guarantee & Trust Co.*, 250 App. Div. 7.) Executors' commissions, counsel fees and the costs payable out of the estate are administration expenses which must be paid before the net estate available for creditors is determined. (*Stark* v. *National City Bank*, 278 N. Y. 388; *Matter of City of New York* [*43rd Ave.*], 282 N. Y. 42; *McConkey* v. *Title Guarantee & Trust Co.*, 250 App. Div. 7.)

*Frank S. DuBeshter* for respondents. The provisions of sections 207 and 208 of the Surrogate's Court Act do not apply in respect of any claim of which the fiduciary had personal knowledge. (N. Y. Surrogate's Law and Practice, par. 1626; *Matter of Shafran*, 143 Misc. Rep. 754; *Matter of Gill*, 199 N. Y. 155; *Matter of Recknagel*, 148 App. Div. 268; *Matter of Ebenstein*, 116 Misc. Rep. 543; *Matter of Purcell*, 137 Misc. Rep. 727; *Matter of Schulz*, 152 Misc. Rep. 601; *Matter of Frommelt*, 154 Misc. Rep. 81; *Matter of Huscher*, 251 App. Div. 156; *Matter of White*, 159 Misc. Rep. 508; *Matter of Goldowitz*, 171 Misc. Rep. 198.)

FINCH, J. This litigation arises upon an objection by a claimant to the disallowance of his claim upon an accounting demanded by him and filed by the executors of the decedent's estate.

The claimant loaned the decedent $2,500 in 1928. The loan was secured by a $2,500 bond and mortgage on real property. This debt had been reduced to $2,200 at the time of decedent's death, and subsequent payments of

principal and interest made by the executors further reduced the amount to $1,850. It is for this that the claimant now claims against the estate.

The decedent died in February, 1930. Letters testamentary were issued in March, 1930, to the executors, namely, the widow, Clara Segall, and to the decedent's son, Bernard Segall. The Surrogate has found that the executors settled the estate in December, 1930. The estate contained insufficient cash for the payment of debts and instead of selling the personalty and the real estate, the executors used money belonging to the widow, largely the proceeds of insurance policies, and loaned by her to the estate to pay claims against the estate. For this purpose, the widow advanced $31,218.63 to the estate. Of this amount $16,291.80 has been returned to her from the personalty of the estate. The widow is the residuary legatee under the will and the decedent's real property, valued at $16,489.83 by the Surrogate and the Appellate Division, passed to her.

In December, 1933, the executors and claimant arranged to transfer the lien of the second mortgage held by claimant to a different property. At that time (three years after the assets had been distributed to the other creditors) claimant for the first time filed a notice of claim against the estate, based upon the new bond and mortgage. In 1937 the lien of the mortgage which had been taken in exchange was extinguished by foreclosure of a prior mortgage.

In May, 1938, the claimant commenced this proceeding to compel the executors to account. In answer the executors urged, *inter alia*, that an involved accounting was demanded and that an accounting might subsequently prove a needless expense to the estate if the creditor's claim was ultimately disallowed upon the merits. Accordingly, it was stipulated between the parties that the claimant's claim be tried upon the merits *before* the accounting was ordered. Pursuant to this stipulation a hearing was had at which the executors urged various defenses to the inherent validity

of the claim, such as usury, novation, discharge, and that the substitution of new security had discharged the debt since the executors cannot bind the estate by their executory contracts. After this hearing the Surrogate decided only that the claimant had made a sufficient showing as to the inherent validity of his claim entitling him to call upon the executors for an accounting. Such accounting was ordered. The Appellate Division unanimously affirmed this order upon appeal. (*Matter of Segall*, 257 App. Div. 965.)

In July, 1939, the executors filed their account. Claimant's claim was rejected. Accordingly claimant has filed objections. The Surrogate has determined that the decree in the preliminary hearing which adjudged that " the petitioner has made a sufficient showing entitling him to call upon the executors for an accounting " was *res judicata* as to the claimant's claim against the estate. The Surrogate further found that " when the widow-executrix undertook to pay decedent's debts, she put herself in the place of creditors, and by ignoring Gottlieb's claim made preference " and that in accordance with such finding, claimant was entitled to share *pro rata* with the widow (as subrogee of the other creditors) in the distribution of the assets of the estate. The Surrogate also allowed the executors commissions and counsel fees. Claimant has taken no appeal to the Appellate Division from this order. Upon appeal by the executors, the Appellate Division modified the order of the Surrogate by striking out the Surrogate's direction for the payment of a *pro rata* dividend to the claimant and substituted a direction that the executors pay his claim in full and struck out the items of executors' commissions and counsel fees which the Surrogate had allowed. The executors have appealed from this modification.

The first question to be decided upon this appeal is whether the decree in the preliminary proceeding was *res judicata* as to the establishment of the claim of respondent against the estate. The way the matter came before the Surrogate in this preliminary proceeding is important

as bearing on what the Surrogate did. The position of the executors was that an accounting would be expensive and that they should be saved this expense until the petitioner had shown that he had a valid claim. The Surrogate adopted this view of the executors, and at the outset of the preliminary proceeding the parties stipulated that the merits of the claim be passed upon by the court and that if the claim was established it would follow that the claimant had a good and valid claim as a creditor against the estate and that at this stage of the proceeding an accounting will not be ordered. However, when the Surrogate came to make his decision, all that he decided was that " the petitioner has made a sufficient showing entitling him to call upon the executors for an accounting." This was the only question which was appealed to the Appellate Division and upon which they made their decision. Certainly in the consideration of that question the Appellate Division had to affirm the decision of the Surrogate as it would seem clear from the record that the claimant had made a sufficient showing on the preliminary hearing to call upon the executors for an accounting. The decision of the Surrogate, therefore, on this preliminary hearing was not *res judicata* as to the validity of the claim.

The second question involves the defenses upon which these executors now rely, namely, that the claimant having failed to file a timely notice of claim as required by sections 207 and 208 of the Surrogate's Court Act, and the executors having completely distributed the estate, the claimant cannot recover upon his claim. (Surrogate's Court Act, §§ 207, 208.) Section 207 of the Surrogate's Court Act provides that whenever at death there is a contingent or unliquidated claim against the estate, or an outstanding bond upon which the deceased shall have been principal, and on which at the time of his death the liability is still contingent or unliquidated, a claimant shall have the right to file with the executors on or before the day named in the notice an affidavit setting forth the facts upon which the unliquidated liability is based and the probable amount

thereof. If such notice is filed, then there shall be no distribution of the assets of the estate without the reservation of sufficient moneys to pay such unliquidated claim when the amount is finally determined. Section 208 provides that if the claim is not presented on or before the day fixed for the presentation of claims pursuant to the published notices, or if no notice be published within seven months, the executors shall not be chargeable for any assets which may have been paid out in satisfaction of claims or legacies or in making distribution to next of kin before the claim was presented.

The defense provided in this section has had imposed upon it by judicial decision an exception " that its provisions will not apply in respect of any claim of which the fiduciary had personal knowledge at the time the disbursement of the assets of the estate was made * * *." (Butler on New York Surrogate Law and Practice, vol. 2, § 1626.) This exception is to a large extent based upon *Matter of Gill* (199 N. Y. 155). The principle enunciated in *Matter of Gill* would seem to be fundamental, namely, that sections 207 and 208 of the Surrogate's Court Act apply where the distribution is made in good faith by the fiduciaries without knowledge of the claim. Where, however, the fiduciaries have notice that a beneficiary has a claim against the estate they cannot distribute the assets in satisfaction of legacies and to distributees without paying the debts which have a first claim on the assets. In *Matter of Gill* the claim was based upon a statutory liability imposed upon the holder of bank stocks.

In the case at bar, claimant had a second mortgage on real estate as security for the debt arising out of his bond. There is no question upon this record that the executors had knowledge of this claim against the estate for any deficiency. The widow, one of the executors, was co-obligor with decedent on the bond, and the other executor, the son of decedent, notarized the bond and mortgage. After the death of the decedent, they continued to make payments of interest on the bond, and some payments on account of

principal. As already noted, these executors and the claimant agreed to exchange the second mortgage on one piece of property for a second mortgage on another piece of property. There is also ample evidence in the record that the executors not only knew that there would be a deficiency, but there is a concession in the record that the security of the second mortgage was worthless, as indeed it proved to be upon the foreclosure of the first mortgage in 1937. Under such circumstances, it would seem that the principle in *Matter of Gill* should be applied, and that sections 207 and 208 of the Surrogate's Court Act do not protect executors who distribute an estate with knowledge that there is an outstanding claim, whether or not the claim is further secured by way of mortgage. It is to be noted here that this claim on the bond is a direct claim and also one in which the debt was due. In view of the principle of law that a debtor cannot avoid the payment of his debts by making gifts of his property when insolvent, a somewhat analogous principle is applicable, namely, that fiduciaries cannot distribute with knowledge that they are thus evading the payment of debts. Although there appears no direct authority, certainly not in the Court of Appeals, on the construction of these sections of the Surrogate's Court Act, yet it would seem that the principle enunciated in the *Gill* case (199 N. Y. 155) should apply. Indeed this has been the holding in *Matter of Recknagel* (148 App. Div. 268, 272), and in a host of other cases in Surrogates' Courts: *Matter of Ebenstein* (116 Misc. Rep. 543); *Matter of Purcell* (137 Misc. Rep. 727, 729); *Matter of Schulz* (152 Misc. Rep. 601, 602); *Matter of Frommelt* (154 Misc. Rep. 81); *Matter of Huscher* (251 App. Div. 156, 157); *Matter of White* (159 Misc. Rep. 508, 509); *Matter of Goldowitz* (171 Misc. Rep. 198, 200; revd. on other grounds in 258 App. Div. 62).

The executors further urge that if the claim should be allowed, they should not be directed to pay the claim in full, but only proportionately to the value of the assets in the estate, excluding the amount loaned by the widow

to the estate. As already noted, the widow advanced some $31,000 to the estate so that instead of selling the personalty and realty, the debts might be paid. Of this amount advanced, some $16,000 has been returned to her from the personalty, and she has received, as residuary legatee, real estate valued at approximately $16,000 by the surrogate and the Appellate Division. The executors urge that the effect of this $31,000 loan by the widow to the estate was the same as if she had paid the debts owed by the estate directly to the creditors, and that as subrogee she can still claim against the estate as assignee of these claims of creditors which she has paid. If this had been the transaction, then this claimant might have been entitled only to the payment of a proportionate part of his claim, depending upon the value of the personalty and the value of the equity in the real property. By the accounts, however, the executors, one of whom was the widow, have admitted that this sum was advanced directly by the widow to the estate and that she received the real estate at a value which showed that the estate of the decedent was solvent; hence by the account rendered by these executors there was sufficient to pay all the debts due by the estate including the debt of this claimant. It, therefore, appears that the claimant is entitled to payment in full, except for a technical reason which gives him slightly less than payment in full.

The Surrogate found that the ratio of liabilities to assets by taking the latter at a reduced figure yielded a result of .943492 and, therefore, that this claimant should receive that *pro rata* distribution. From this decision this claimant has not appealed and, therefore, cannot take advantage of the fact that the Appellate Division struck out this finding of the Surrogate and directed a payment in full. The decree of the Surrogate was conclusive as to this claimant who did not appeal. (*Stark* v. *National City Bank*, 278 N. Y. 388, 394; *Matter of City of New York* [*43rd Avenue*], 282 N. Y. 42, 47.)

The same authorities and reasoning apply to the modification by the Appellate Division which struck out the

items of executors' commissions and counsel fees which the . Surrogate had allowed to the executors. Since the claimant did not appeal to the Appellate Division, the order of the Surrogate must be reinstated as to these commissions and counsel fees.

The executors object also to the allowance to the claimant of a bill of costs which has been affirmed by the Appellate Division. This allowance was clearly within the discretion of the Surrogate.

It follows that the order of the Appellate Division should be modified so as to reinstate the order of the Surrogate· providing for a *pro rata* dividend of .943492 upon the claim of claimant, and to reinstate the order of the Surrogate allowing executors' commissions and counsel fees. As so modified, the order appealed from should be affirmed, without costs. (See 287 N. Y. 751.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.