Edgar F. Hazleton, S.
This is a motion by the administrator for an order granting summary judgment against a claimant; or, in the alternative, dismissing the subject claim for failure to prosecute.
The claim herein has been duly filed with and rejected by the administrator, and more than three months have passed since its rejection. No petition for a voluntary accounting has been filed by the administrator, and no petition for a compulsory accounting proceeding has been filed by the claimant, although *243 more than seven months has passed since the granting of letters of administration.
There is no question as to the availability of the remedy of summary judgment in the Surrogate’s Court (Surrogate’s Ct. Act, § 316; Rules Civ. Prac., rules 3, 113; Matter of Pascal, 309 N. Y. 108, 113; Matter of Fishkind, 271 App. Div. 1013); and presumably, a motion under section 181 of the Civil Practice Act and rule 156 of the Buies of Civil Practice would be proper in the Surrogate’s Court by virtue of section 316 of the Surrogate’s Court Act and rule 3 of the Buies of Civil Practice, also, in a proceeding. However, these motions may be made only in pending proceedings. A petition, citation, and answer (and/or objections) are the analogue of the summons, complaint and answer; the filing and rejection of a notice of claim are not. A proceeding in the Surrogate’s Court is commenced by the filing of a petition (Surrogate’s Ct. Act, § 48). The filing and rejection of a notice of claim does not accomplish this result (Matter of Evans, 183 Misc. 717) except for the limited purpose of tolling a Statute of Limitations (see Matter of Schorer, 272 N. Y. 247). Moreover, with respect to the particular subject matter of this motion, section 211 of the Surrogate’s Court Act directs that the determination be made in an accounting proceeding. Accordingly, the court would have no authority to grant this motion, regardless of its merits. Accordingly, the motion is denied in its entirety.
Settle order on notice denying motion in its entirety.