John D. Bennett, S.
This is a motion in an accounting
proceeding for a dismissal of the objections filed for failure to prosecute. The question is whether such motion may be made in this court by the accountants. The objectant cross-moves to file amended objections.
A prior motion to dismiss the objections for failure to prosecute made by the accountants in October of 1959, was denied by this court on the ground that since both the accountants and the objectant are equally entitled to place this matter on the calendar of this court for a hearing under rule 18 of the Rules of the Nassau County Surrogate’s Court, the accountants were not, therefore, obliged to wait for the objectant to take the initiative in disposing of the objections.
The accountants have cited Matter of Galbreath (17 Misc 2d 242) as authority for the proposition that a motion under section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice to dismiss a complaint for failure of prosecution, may be made in this court by virtue of the provisions of section 316 of the Surrogate’s Court Act and rule 3 of the Rules of Civil Practice. However, the court in the Galbreath case said that this was only ‘‘ presumably ’’ true; also its tentative conclusion was merely dictum. The difficulty with applying rule 156 of the Rules of Civil Practice to the procedure of this court is apparent. To make a prima facie showing of neglect to prosecute, the defendant must show either that the plaintiff has failed to file a note of issue for a term within six months after the joinder of issue, or that plaintiff has failed to file a note of *101 issue at a time when, later cases have been reached in regular order on the calendar of a term for which a note of issue could have been filed. In this court there are no calendar terms other than in contested probates. It has been found that the requirement of a simple motion made by any party after joinder of issue for the purpose of fixing a date for hearing is sufficient, the court calendar being generally up to date at all times.
It is granted that the objections here have been pending since 1955 and that because of the many substitutions of attorneys by the objectant, numerous delays have resulted while a fresh batch of attorneys have acquainted themselves with the estate. The court is however of the opinion that the best procedure requires it to adhere to its prior determination that since either party may move for a hearing date, neither party may be held to have neglected the prosecution of this proceeding. The motion is accordingly denied. The denial of this motion does not however indicate that this court will hesitate to take a default against the objectant upon the date fixed for trial in the event circumstances warrant it and dismiss the objections.
In opposition to the motion to amend the objections, the accountants state that only new matter is embraced in the present objections and that the failure to raise such objections on the return day of the citation or on or before any extension places the objectant in default, citing Matter of Melzak (153 Misc. 600). "While the general tendency has been towards liberality on motions to amend or supplement pleadings, the court is of the opinion that the accountants ’ view is more sound and that the objectant is in default as to those matters not timely raised by objection. The motion is further made only on a bare notice without any affidavit which would explain the default, or demonstrate that no prejudice will result to the accountants. The motion is denied, without prejudice to a motion to open the default upon proper papers.